## VALLEJO v. FAY.

In an action of ejectment to recover possession of a large tract of land, where the defendant failed to appear, and the case was submitted to the Court, who found that plaintiff had title to the whole tract, and that the defendant was in possession of a part, sixty or seventy acres of the tract, without right: *Held*, that it was proper for the Court to enter judgment for the plaintiff for the possession of the whole tract.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The facts sufficiently appear in the opinion of the Court.

*J. Clark* for Appellant.

1. The judgment is erroneous, because not based upon a sufficient finding, and may, therefore, be reversed on appeal. Practice Act, §§ 174, 180; Brown v. Brown and Groves, 3 Cal., 111; Russell v. Aramudor, 2 Cal., 305.

2. The finding is insufficient to support any judgment, in that it did not describe the particular portion of the premises to which the defendant was in possession. Clay v. White, 1 Munf. Rep., 162.

3. Had the " sixty or seventy acres," mentioned in the finding, been sufficiently located or described, the judgment should have been for that part of the premises, and no more. Adams on Ejectment, 328, and notes and cases cited.

*Stow and Brown* for Respondent.

The judgment below is proper, and is supported by the following authorities: Underwood v. Jackson, 1 Wendell, 95; Coleman v. Doe, 2 Scam., (Ill.,) 251; Zeigler v. Fisher, 3 Barr, (Pa.,) 365; 6 Barr, 483, Morton v. Funk; Little v. Bishop, 9 B. Monroe,

240 ; Doe on the demise of Saxton, 9 B. Monroe, 240 ; Winans et al. *v.* Christy et al., 4 Cal. R., 70.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Ejectment to recover possession of a large tract of land, on which the defendant is alleged to have entered without title. The case was submitted to the Court, the defendant not appearing. The Court finds the plaintiff has title in himself to the whole tract, and that defendant is in possession of sixty or seventy acres, without any showing of right. Judgment is entered on this finding for possession of the whole tract, and of this the defendant complains, and now assigns it as error.

We see no error of which defendant can complain. No damages are claimed ; they are expressly waived. As the defendant was only in possession of a part, and held this without right, it no more injured him for judgment to go against him for all than for the part he occupied. The plaintiff was not bound to measure off and particularly define the spot of land the defendant trespassed upon in order to put him off, when a general finding against him answered the same purpose, and did him no injury. The defendant has not disclaimed as to any portion of the premises, either as occupying it or claiming a right to it, and the plaintiff is not held to know that the defendant did not claim the whole—which, it seems, he could have done, for he makes no defence—by as good a claim as that under which he seized a part. The authorities show that a finding and judgment like this is not erroneous in such cases. (Coleman *v.* Doe, 2 Scammon, 251 ; Little *v.* Bishop, 9 B. Monroe, 240.)

Judgment affirmed.