Lick *v.* Stockdale.    ○

---

## LICK *v.* STOCKDALE *et al.*

ALTHOUGH, on judgment by default in ejectment, the judgment roll does not show that defendant was ever served with process or appeared—the summons and return not being in the roll—still if the finding of the Court, before which the case was tried, be that defendant was duly served with process, the judgment, on appeal therefrom on the roll alone, on the ground that the Court below never had jurisdiction of defendant, will stand. The finding is evidence of the facts it recites and supports the judgment; and mistakes, if any, in these recitals cannot be corrected, in this way, on appeal.

A judgment does not depend upon the clerk performing his duty in making up the judgment roll, or in preserving the papers. If the facts necessary to give jurisdiction to the Court exist, the judgment is good.

In ejectment against several defendants occupying different portions of the prop-

erty sued for, several judgments may be entered and at different times—and this, whether upon trial, on separate findings or verdicts, or on findings by the Court, or after default.

Possibly as the entry of such several judgments increases the costs, it would be ground for retaxing or apportioning them.

In ejectment against several defendants occupying different portions of the land sued for, some of whom answer and others make default, and none appearing on the trial, the Court may make a general finding and enter a joint judgment against all the defendants for possession of the land and costs.

APPEAL from the Fourth District.

Ejectment against thirty-three defendants for four fifty vara lots in the city of San Francisco, to wit: lots 1471, 1472, 1478, 1479. The complaint is in the usual form, describing the land as in a single tract two hundred and seventy-five feet square, charging that " the defendants on, etc., wrongfully entered upon said premises and ousted plaintiff therefrom, and are now wrongfully in possession of said premises," etc., praying for $5,000 damages.

The complaint was filed April 21st, 1855. All the defendants answered except Mitchell, Stockdale and Shane, who neither appeared nor answered, and Nickle, who demurred. This demurrer was overruled, August, 1855, and an answer subsequently filed. Some of the answers were simply general denials, while others contained a general denial, and also averred possession of only a portion of the land sued for. June 17th, 1856, plaintiff filed an amended complaint, the parties and description of the land being unaltered, and the complaint being complete in itself and evidently a substitute for the original. On the same day the cause was tried before the Court without a jury, by consent, on the issues between plaintiff and defendants Weed and Bensley, and a finding being made that said two defendants were in possession of lot 1478, judgment was entered against them for said lot and costs—nothing being done as to the other defendants.

Nothing further appears to have been done in the case until August 22d, 1859, when it was called and tried by the Court. The findings of the Court, dated Aug. 30th, 1859, so far as they relate to the questions involved in this appeal, are as follows, to wit:

" In this action, the case having been regularly called upon the calendar at the term of the Court, commencing on the first Monday

of August, 1859, and the defendants having failed to appear, and the plaintiff having then and there, in open Court, by his consent entered in the minutes, waived a jury, the case was, by the consent of the Court, set for trial by the Court without a jury. And afterwards, on or about August 22d, the case came on to be tried, and upon the pleadings therein, and the proof given at such trial by the plaintiff, the Court finds the facts as follows: 1. * * 2. * * (Twenty-one of the defendants being found to have ousted plaintiff, etc.)

" 3. At the commencement of this action, which was on April 21st, 1855, the defendants, Patrick Nickle, Thomas Morse, Joanna Lindsay, &c., &c., James Stockdale, &c., &c., * * * who were regularly served with the complaint, and summons therein, on or about April 21st, 1855, and also with the same, as amended, June 17th, 1856, all of whom have appeared and answered, except the defendants Mitchell, Stockdale and Shane, who never appeared and answered."

Upon this finding, judgment was entered in favor of plaintiff, and against said twenty-one defendants jointly, for the possession of the whole land sued for, and for costs. The judgment recites the names of six witnesses as being examined for plaintiff.

Defendant Stockdale alone appeals.

*B. S. Brooks*, for Appellant.

I.   The judgment roll does not show that the Court ever acquired jurisdiction over the person of the defendant James Stockdale, inasmuch as it does not appear thereupon that any summons was ever issued against or served upon him.   (Pr. Act, secs. 342, 346, 203; *Parsons* v. *Davis*, 3 Cal. 423; *Estell* v. *Cheney*, Id. 467; 2 Id. 241; *Joyce* v. *Joyce*, 5 Id. 449; *Grewell* v. *Henderson*, Id. 465; 6 Id. 186; 7 Id. 54; Id. 279; *Gray* v. *Hawes*, 8 Id. 569; 9 Id. 213; Id. 565; Id. 569; 10 Id. 343; 11 Id. 307; Id. 372; 13 Id. 558; *Shumway* v. *Stillman*, 6 Wend. 452; 1 S. & M. 368; 3 Id. 645; 7 Id. 454; 9 Id. 622; J. J. M. 105; 2 Yerg. 492; *Starbuck* v. *Murray*, 5 Wend. 158; *Pico* v. *Suñol*, 6 Cal. 294; 4 Comst. 529.)

II.   Plaintiff filed an amended complaint, and entered judgment

thereon against defendant Stockdale, without issuing any summons against him, or serving a copy of the amended complaint, or any notice thereof. (*Kuhland* v. *Sedgwick*, 17 Cal.; Pr. Act, sec. 43; *Ingraham* v. *Gildemeester*, 2 Cal. 88.)

III. A judgment was entered on the twenty-sixth of June, 1856, against two of the defendants, which was an end of the case and dismissal of the action as to all the others not included therein. (*Stearns* v. *Aguirre*, 7 Cal. 443.)

IV. The Court had no power to make a general finding, and to enter up a general judgment against all the defendants. The Court should have found what parcels of land were held by the defendants respectively, and given judgment accordingly. There ought to have been but one judgment, and that several, against each defendant for the land he occupied. (*Forgate* v. *Herkimer Manf. Co.*, 9 Barb. 287, 295; *Winans* v. *Christy*, 4 Cal. 70; *Pierce* v. *Minturn*, 1 Id. 470.

*Hall McAllister*, for Respondent.

I. All intendments must be in favor of sustaining the judgment of Courts of general jurisdiction; and to disturb such judgment, it is not sufficient that error may have intervened, but it must be shown affirmatively by the record. (*White* v. *Abernathy*, 3 Cal. 426; *Nelson* v. *Lemmon*, 10 Id. 49; *Gray* v. *Hawes*, 8 Id. 569; *Whitwell* v. *Barbier*, 7 Id. 63.) In this case, the record shows affirmatively that appellant Stockdale was regularly served with the summons and complaint. The Court finds this as a fact; and the finding further shows that proof was given on the trial from which the Court drew its conclusions of fact. All the cases cited by counsel for appellant are cases where the record showed affirmatively either that there had been defective service of process, or that no service whatever had been made.

There was no issue joined by the pleadings so far as Stockdale was concerned. (*Smith* v. *Billet*, 15 Cal. 26.) And the Court was bound to inquire whether the facts gave jurisdiction. (3 How. [Miss.] 34.) And this Court must presume that the Court below acted regularly.

Recitals in records, even of Courts of limited or special jurisdic-

tion, are *prima facie* evidence.   (*Barbier* v. *Winslow*, 12 Wend. 102; *Gregory* v. *Ford*, 14 Cal. 138; 2 Philips on Ev. 158.) The absence of the summons and return from the transcript, is no ground for a reversal of the judgment.   (6 Ala. [N. S.] 58–60; 4 Dana, 96; 9 How. P. R. 86.)

II.   But even when the record of a superior Court does not show affirmatively that it had acquired jurisdiction of the person, that fact will be presumed.   (*Foot* v. *Stevens*, 17 Wend. 483; *Hart* v. *Seixas*, 21 Id. 40; *Chemung Bank* v. *Judson*, 1 Seld. 260–1; *Hatcher* v. *Rocheleau*, 18 N. Y. [4 Smith] 95.)

III.   The judgment against defendants Weed and Bensley, in June, 1856, was for only a part of the demanded premises, and was right.   (4 Cal. 80; 10 Id. 456; 5 Johns, 278; 6 How. P. R., 260; 3 E. D. Smith, 591; Pr. Act, sec. 146.)

IV.   The Court was authorized to make a general finding, and to enter up judgment against all the defendants.   (4 Cal. 30; 9 Dana, 453.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The appeal is taken from the judgment of the Fourth District Court, in an action of ejectment.

Several assignments of error are made:

1. That the judgment roll does not show that the Court ever acquired jurisdiction over the person of Stockdale, one of the defendants.   But the finding of the Court is, that the defendant was duly served with process; and this recital is sufficient to show that the Court had jurisdiction.   The judgment does not depend upon the performance of the clerical duty of making up the judgment roll, or the preserving of the papers.   It is enough if the facts exist which are required to give jurisdiction to the Court; and the finding in this case is that they do exist, though the summons and return—the usual evidence—may have been lost or mislaid.   It is argued that this finding of the Court is no proof of these facts of service on Stockdale, since no issue was joined between the plaintiff and Stockdale; and the judgment here was a judgment by default entered against Stockdale.   The entry seems to have been made

while the Court had full possession and jurisdiction of the case; and it had the power of ordering judgment against Stockdale, as well as against the defendants who answered. The finding is matter of record; and is, therefore, record evidence of the facts recited. If there be any mistake in these recitals, it cannot be corrected in this way on appeal. The mere fact that the defendant did not appear or answer, did not deprive the Court of the power of ascertaining and finding the facts necessary or pertinent to the judgment ordered. We must regard this finding, therefore, as evidence of the fact it recites, and as sufficient to sustain the judgment.

2. The second point is answered in like manner.

3. This being an action against several defendants, occupying different portions of the property sued for, we see no objection to the entry of several judgments. This might have been done upon trial on separate findings or verdicts, and we see no objection to the same course on findings by the Court, or after default. If any objection exists on the score of increased costs, this might be ground for retaxing the costs or apportioning them, possibly; but we think no available error is shown—at all events, when the point is taken for the first time in this Court.

4. There is no merit in the last point. The defendants being in possession of the general tract, and not appearing on the trial, the plaintiff was not bound to ascertain for each the particular spot he trespassed upon. (See *Vallejo* v. *Fay*, 10 Cal. 377.) No damages seem to be assessed.

Judgment affirmed.