Craig v. Alcorn.

46  560
d108 555

## CRAIG ET AL. V. ALCORN.

1. **Redemption**: BY JUNIOR LIEN HOLDER: NEGLECT OF CLERK. Where a junior judgment creditor redeemed from a sale under a senior judgment, and filed with the clerk, within the time prescribed by statute, a statement of the amount he was willing to credit on his judgment, which statement the clerk failed to enter on the sale book until after ten days from the expiration of nine months after the day of sale, *held*, that the neglect of the clerk did not operate to invalidate the lien of the junior judgment.

2. ——: ——: NOTICE. The debtor having actual notice of the filing of the statement, he could suffer no prejudice from the want of constructive notice.

3. ——: ——: FORM OF STATEMENT. No particular form of statement is required to be filed by the junior lien holder, and it is sufficient if it indicate with clearness the amount he is willing to credit upon his judgment.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, OCTOBER 3.

IN CHANCERY. The petition alleges that one Keyes recovered judgment against defendants, upon which their lands were sold on execution, and that defendant, a junior judgment creditor, redeemed from the sale and did not within ten days after the expiration of nine months enter upon the sale book the amount he was willing to credit upon his judgment, as

provided by Code, § 3115, and that by the failure so to do defendant's judgment became discharged. It is shown that defendant threatens to cause execution to be issued upon his judgment. The relief sought by the action is a decree requiring defendant to satisfy his judgment and restraining him from attempting to enforce it.

The answer alleges that the requirements of the Code, Sec. 3115, were complied with by defendant, so that a part only of his judgment was satisfied by the redemption. Upon a trial the court refused the relief prayed for by plaintiffs, and from the decree they appeal.

*Bertrand Jones*, for appellants.

*Work & Brown*, for appellee.

BECK, J.—Under provisions of the statutes of this State, the holder of a junior judgment may redeem from an execu-

1. REDEMP-TION: by junior lien holder: neglect of clerk

tion sale, after the expiration of six and before the expiration of nine months from the day of sale, by the payment of the full sum, with interest and costs, due upon the senior judgment. The creditor making the redemption becomes vested with all the rights of the party from whom he redeems. But the lien and claim of his own judgment will be extinguished unless "within ten days after the nine months aforesaid he enter upon the sale book the utmost amount he is thus willing to credit on his claim." Code, sections 3109, 3114, 3115.

The defendant, in this case, as a junior judgment creditor, within the time prescribed by statute, redeemed from the sale under the senior judgment. At the same time he filed with the clerk issuing the execution a statement of the amount he proposed to allow as the value of the lands, the balance, after deducting the amount of the sale from which he redeemed, to be credited upon his own judgment. This statement was not entered upon the sale book until after ten days from the expiration of the nine months from the day of sale.

I. Plaintiff insists that this want of compliance with the statute operates to satisfy fully defendant's judgment. While

Craig v. Alcorn.

the statute in terms provides that the redeeming creditor must enter the statement in the sale book, we are not to understand that the clerk is relieved of the duty of making the record. He is the custodian of the book and is charged with the duty of writing all proper matter therein, the same as with all other records kept by him. The language of the statute means nothing more than that the party making redemption shall apply to the clerk requesting proper entry to be made in the record, supplying him with the instrument, or its substance, to be recorded; he is charged with no other duty. This the defendant performed, by filing his statement with the clerk accompanied with proper directions for recording it. The omission to make the record was the fault of the clerk and not of defendant. The law will not deprive him of rights which would have accrued had the clerk performed his duty, unless some prejudice resulted therefrom to the other party, or unless the law makes their rights to depend upon a strict compliance by the clerk with its provisions.

No prejudice could have resulted, for before the expiration of the ten days plaintiffs, through their attorneys, had knowledge of the existence on the files of the clerk of defendant's statement. They were fully advised that defendant had discharged his duty in the premises, and the offer he thereby made to credit his own judgment. It cannot be pretended that plaintiffs did not fully know that the statement had been filed before the expiration of a year from the sale when their right of redemption terminated; indeed, the proper entry in the sale book was made soon after the expiration of the ten days prescribed by the statute. They were, therefore, in no way prejudiced by the omission to make the record within the time prescribed.

II. We cannot hold that an absolute compliance with the statute, as to the time of filing the statement, is essential to protect the rights of either party. The object of the requirement, so far as the entry of the statement in the sale book is concerned, is to secure to the debtor notice of the intention of the redemptioner; the statement itself coming to the notice of the debtor would secure the end

2. ——: ——: notice.

thus attained by the record. In the last case he would have actual, in the first constructive, notice. Surely no prejudice resulted from the want of constructive notice when actual notice was imparted. The law, in its spirit and purpose, was complied with. Plaintiff can require no more.

III. It is insisted by plaintiffs that an alteration made by the defendant in the statement after it was entered upon the sale book, and a corresponding alteration made of the record, vitiates the proceedings. These alterations consisted in changing a figure indicating the township of one tract of land sold, which had been written through mistake. The true description of the same tract occurred in another part of the statement; before the alteration the mistake could have been detected and corrected. We think the change of too little importance to affect the rights of the parties.

IV. Objection is made to the form of the statement. The law prescribes no form in this case; if the statement filed by the redeeming creditor indicated with sufficient certainty the amount he was willing to credit upon his judgment, it is sufficient. The paper filed by defendant and entered in the sale book does this with sufficient clearness and certainty. It therefore complies with the law.

3. ——: ——: form of statement.

AFFIRMED.