Tharp v. Forrest.

REVERSED.

76 195
108 554

## THARP v. FORREST.

Redemption: FROM EXECUTION SALE: BY CREDITORS: AFTER NINE MONTHS: CONDITIONS. After the expiration of nine months from the date of an execution sale of land, no creditor has a right to redeem the land, unless the creditor who has last redeemed within the nine months enters on the sale-book, within ten days after the expiration of the nine months, the utmost amount that he is willing to credit on his claim, as provided by section 3115 of the Code. In other words, the creditor who has last redeemed within the nine months may, if he choose, hold the land as against all persons except the owner, but his lien, and the claims out of which it arose, will in that case be extinguished. (See Code, sec. 3114.)

*Appeal from Monroe District Court.* — HON. DELL STUART, Judge.

FILED, DECEMBER 19, 1888.

ACTION to compel the defendant to execute and deliver to plaintiff a sheriff's deed. A demurrer to the petition was sustained. Plaintiff refusing to further plead, judgment was rendered in favor of defendant for costs. Plaintiff appeals.

*James Coen*, for appellant.

*Wm. A. Nichol*, for appellee.

ROBINSON, J.—The petition shows that on the twentieth day of February, 1883, Thomas Trimble obtained against the owner of the land in controversy two judgments. On the seventeenth day of April, 1883, judgment was rendered against the same defendant, T. S. Tharp, in favor of Jacob Cupp, and on the thirtieth day of the next June a fourth judgment was rendered against said Tharp in favor of the plaintiff in this action. These judgments were all liens on the property in question. The first judgment was for the sum of $933.56 and costs. Execution issued thereon, and the property, consisting of three parcels of land, was sold on the ninth day of April, 1887, for sums amounting in the aggregate to twenty-six dollars. Cupp redeemed from this sale, and on the ninth day of January, 1888, Trimble redeemed from Cupp. In making this redemption an affidavit was filed with the proper clerk, for Trimble, showing that he redeemed by virtue of his second judgment, on which there was due and unpaid the sum of $46.27, but not showing that he was unwilling to hold the property, and credit the debtor therefor with the full amount of his lien. On the thirteenth day of January, 1888, the plaintiff in this action filed with the clerk his affidavit, showing that he was the owner of the judgment rendered in his favor as aforesaid, and that there was due thereon and unpaid the sum of $39.16. At the same time he paid to the clerk $80.30, and received from him a certificate, showing that said amount was paid for the purpose of redeeming from the sale of April 9, 1887, and

that it was for the sum paid by Trimble to redeem on the ninth day of the same month, to-wit, January, 1888, and the amount of the lien under which he redeemed, with interest and costs. The petition further shows that the plaintiff has offered to surrender said certificate of redemption to the defendant, who is sheriff of the county in which the land is situated, and has tendered the proper fees, and demanded a sheriff's deed for the property therein described, but that defendant refuses to execute and deliver the deed. Plaintiff demands that defendant be compelled to issue his deed for the lands in controversy.

The grounds of the demurrer were, in substance, that the filing of the affidavit and the payment of the money by plaintiff were after his right to redeem had expired, and therefore did not have the effect of redeeming from Trimble. Sections 3112–3117 of the Code are as follows: "Sec. 3112. After the expiration of nine months from the day of sale the creditors can no longer redeem from each other, except as hereinafter provided; but the defendant may still redeem at any time before the end of the year, as aforesaid. Sec. 3113. Unless the defendant thus redeems, the purchaser, or the creditor who has last redeemed prior to the expiration of the nine months aforesaid, will hold the property absolutely. Sec. 3114. In case it is thus held by a redeeming creditor, his lien, and the claim out of which it arose, will be held to be extinguished, unless he pursues the course pointed out in the next section. Sec. 3115. If he is unwilling to hold the property, and credit the defendant therefor with the full amount of his lien, he must, within ten days after the nine months aforesaid, enter on the sale-book the utmost amount that he is thus willing to credit on his claim. Sec. 3116. Any unsatisfied lien creditor, within ten days after the expiration of the time thus allowed to make the entry required in the last section, may redeem the property by paying the amount of the legal disbursements of the last holder, as hereinbefore regulated, added to the amount thus entered on the sale-book, together with

interest and costs.   Sec. 3117.   Such redemptioner shall also credit the defendant with the full amount of his lien, unless, within ten days after redeeming as aforesaid, he likewise makes a like entry on the sale-book, in which case any unsatisfied lien creditor may in like manner redeem within ten days as aforesaid, and so on until there are no more unsatisfied liens, or until the expiration of the year for redemption ; the defendant having the final privilege of redeeming from the last redemptioner at the end of the  year.''

It is insisted by appellant that under these provisions any unsatisfied creditor may redeem the land upon which his claim was a lien, after the expiration of nine months from the date of sale, by pursuing the course pointed out in section 3116, and that his right to do so does not depend upon the making of the statement contemplated by section 3115 by the creditor who redeemed last before the expiration of the nine months. Appellant further contends that the time referred to in section 3114 is the end of the year from the date of sale, and not the end of nine months, and that the section last named points out a method by which the creditor who last redeemed before the expiration of the nine months may prevent the extinguishment of his entire claim.   But in our opinion the construction contended for by appellant is not in all respects the correct one. Sections 3114 and 3115 provide that if the property sold is held by a redeeming creditor at the end of nine months, and he is unwilling to credit the defendant therefor with the full amount of his lien, he must, within ten days after the expiration of the nine months, '' enter on the sale-book the utmost amount that he is thus willing to credit on his claim.''   Section 3116 clearly refers to the preceding section, and in effect gives to any unsatisfied lien creditor an opportunity to redeem by paying the amount of the legal disbursements of the last holder, added to the amount entered on the sale-book, as provided by section 3115, with interest and costs.   No lien creditor has any right to redeem after the expiration of nine months from the date of sale, unless the redeeming

Tharp v. Forrest.

creditor who then holds the right to the property shall indicate, within the time and in the manner provided by section 3115, the utmost amount he is willing to allow on his claim for the property. Prior to the expiration of the nine months any lien creditor has the right to redeem by paying the amount to which the then holder of the certificate of sale is entitled, including the full amount of his lien, if it is paramount to that of the creditor so redeeming. If such redemption is not made, the holder of the certificate may give to the other lien-holders, within the time limited, an opportunity to redeem by paying less than the full amount of his claim, and at the same time retain a portion of such claim as against the debtor. If he declines to give such opportunity, no creditor has any right to complain, and no one but the debtor, or those who succeed to his interests, can redeem. In this case Trimble did not indicate that he was unwilling to hold the property and give credit for the full amount of his second judgment. Plaintiff could have redeemed by paying on the last day for redemption the amount he paid four days later; but, having neglected to do that, in the absence of further action on the part of Trimble, the right of plaintiff to redeem was at an end. Trimble alone could revive that right, but he preferred to keep the property, and allow therefor the full amount of his second judgment. In our opinion the demurrer was correctly sustained. The judgment of the district court is therefore

AFFIRMED.