THE CITY OF SAGINAW v. DANIEL J. CAMPAU.

*Constitutional law—Eminent domain—Qualifications of jurors.*

In a street-opening case, a challenge to the array was interposed on the ground that, under the charter of the city, the persons listed to serve as jurors in the court where the proceedings were pending, and from which persons the jury had been drawn, were required to be qualified electors of fair character and sound mind, freeholders in said city, and capable of understanding and speaking intelligibly the English language, while the Constitution provides that, when private property

is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property. And it is held that there is no constitutional objection to the Legislature imposing the additional qualifications mentioned in said charter.

Appeal from recorder's court of the city of Saginaw. (Brenner, J.) Argued October 25, 1894. Decided December 7, 1894.

Petition to open and extend Houghton avenue in the city of Saginaw. Respondent appeals. Affirmed. The facts are stated in the opinion.

*Weadock & Purcell,* for appellant.

*William G. Gage,* for petitioner.

LONG, J. Proceedings were commenced in the recorder's court for the city of Saginaw to open and extend Houghton avenue, and to take private property therefor. No contention is made about the regularity of the proceedings, but when the jury was impaneled counsel for the respondent challenged the array, for the reason and on the ground that section 8 of title 15 of the charter of the city of Saginaw, under which the proceedings were being had, is in conflict with and in violation of sections 2 and 14 of article 18, and section 15 of article 15, of the Constitution of this State, in that it does not allow the respondent a jury of freeholders, within the clear intent and meaning of the above-mentioned provisions of the Constitution, but that by its terms the constitutional rights of respondent are circumscribed and abridged, so that no freeholder not possessing the special qualifications prescribed in the charter can sit as a juror in condemning land for public uses, whereas by the terms of the Constitution the respondent is entitled to have a jury of freeholders without any quali-

fications or limitations whatever, subject only to challenge for cause. This challenge was overruled, and the jury returned a verdict in favor of the city, awarding damages to respondent of $1,550. Respondent appeals.

Section 8, tit. 15, of the charter (Act No. 402, Local Acts of 1893) provides:

" On the first Tuesday of June in each year, between the hours of 9 and 12 o'clock in the forenoon, the assessor of the city of Saginaw, the clerk of said .court, and the marshal of said city shall meet together in the office of said assessor in said city, and shall then proceed in public to select from the last annual assessment roll of said city (which roll the custodian shall produce before them) a list of 100 persons to serve as jurors in said court, the persons so selected to be qualified electors of fair character, of sound mind, freeholders in said city of Saginaw, and capable of understanding and speaking intelligibly the English language. Said list shall be signed by the said assessor, clerk, and marshal, if they be all present and assist in the making thereof: * * * *And provided further*, that if said list is not selected within the time above limited, or if for any reason a legal list shall not have been made, the judge of said court may by his order, entered of record in said court, command the said assessor, clerk, and marshal to proceed forthwith to select said list and sign and file the same."

Sections 2 and 14 of article 18, and section 15 of article 15, of the Constitution are as follows:

"Sec. 2. When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record as shall be prescribed by law: *Provided,* the foregoing provision shall in no case be construed to apply to the action of commissioners of highways in the official discharge of their duty as highway commissioners."

"Sec. 14. The property of no person shall be taken for public use without just compensation therefor. Private

roads may be opened in the manner to be prescribed by law; but in every case the necessities of the road, and the amount of all damages to be sustained by the opening thereof, shall be first determined by a jury of freeholders, and such amount, together with the expenses of proceedings, shall be paid by the person or persons to be benefited."

"Sec. 15, art. 15. Private property shall not be taken for public improvements in cities and villages, without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders, and actually paid or secured in the manner provided by law."

The case falls so squarely within the doctrine enunciated by this Court in *People v. Harding*, 53 Mich. 48, that discussion is hardly necessary. In that case the respondent was convicted in the recorder's court of the city of Detroit of the crime of larceny from a store in the day-time. After the jury was impaneled, the respondent challenged the array, and for cause of challenge claimed that the act under which the jurors were selected was unconstitutional. That act provides, among other things, that the officers in selecting the jury "shall take the names of such only as are not exempt from serving on juries, who are in possession of their natural faculties, and not infirm or decrepit, of good character, of approved integrity, of sound judgment, and well informed, and conversant with the English language, and free from all legal exceptions," etc. Comp. Laws 1871, § 5978, as amended by sections 7623–7630, How. Stat. The act was held valid. It was said:

"It will thus be seen the qualifications are to-day the same substantially as at common law. By the statute of 6 Geo. IV. chap. 50, Parliament attached certain property qualifications, and in this State the Legislature has added certain qualifications to protect the rights of parties, and provide an intelligent and impartial jury."

It was held that the provisions of the Constitution— article 6, §§ 27, 28—were not intended to limit the powers of the Legislature thereafter to change the law rela-

tive to the manner of selecting jurors, or to the persons or officers who should make the selections, or the lists from which the selections should be made; and that "the only restriction upon the legislative powers is that jurors shall have the qualifications of electors, and that they shall reside in the vicinage." Under the charter in question the jurors are to have the qualifications of electors and reside in the vicinage, and we see no constitutional objection to the Legislature imposing the other qualifications attached. These qualifications are very similar to those in *People v. Harding, supra,* and thus applied to criminal trials. The court below was not in error in overruling the motion.

It is also insisted that the court was in error in permitting the petitioner to submit to the jury two blank forms of verdicts. We see no force in this objection, as the respondent could not be harmed by it.

Judgment is affirmed

The other Justices concurred.