MARGARET FARNSLEY, Guardian of Martin Boone, a person of unsound mind, Appellant, v. W. C. STILLWELL and J. D. PAYNE, Sheriff.

**Recitals in Judgment:** BURDEN OF PROOF. Where a judgment recites service of process according to law the burden of proof is on one attempting to show want of service to overcome to presumption arising from the recitals.

EVIDENCE TO OVERCOME. The recitals of a judgment showed the service of notice of the suit according to law. The appearance docket failed to show filing of original notice, and the fee book failed to show costs taxed for the same. The attorney for the judgment plaintiff testified to preparing the petition and original notice in the case and return of the notice to him with a return of service which he thought was personal service. Defendant at the time was helpless from paralysis. None of his family with whom he lived at the time knew of any service or of a pending suit. The action to set aside the judgment was brought 20 years after its entry. *Hel <, * insufficent to overcome the presumption of service arising from the recitals in the judgment.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

TUESDAY, APRIL 4, 1899.

ACTION in equity to restrain the enforcement of and to cancel a judgment rendered by the district court of Dallas county on the eleventh day of October, 1878, on default, against Martin Boone, in favor of defendant Stillwell, for nine hundred and ninety-seven dollars and fifty-seven cents.

Decree was rendered dismissing plaintiff's petition, from which she appeals.—*Affirmed.*

*White & Clarke* and *C. C. & C. L. Nourse* for appellant.

*Ayers, Woodin & Ayers* and *P. S. Harris* for appellees.

GIVEN, J.—I.   The ground upon which the plaintiff asks relief is that no original notice of the pendency of the action wherein said judgment was rendered was ever served on Martin Boone, and this is the sole contention in the case. The evidence relied upon as showing that an original notice of the pendency of said action was served on Martin Boone is the entry in the judge's calendar, the recital in the judgment, and the testimony of W. L. Reed, Esq.   The entry in the judge's calendar reads:   "October 10, 1878.   Default, and judgment for amount of note and interest.   Clerk assess. And balance of account, with interest at the rate of 6 per cent. from March 8th, 1875.   Clerk assess."   The judgment recites as follows:   "Now, on this day this cause coming on to be heard, the plaintiff appearing by Baugh, Smith & Sweeley, attorneys, and it appearing to the court that the said Martin Boone had been duly served with notice of the pendency of this suit according to law, and failed to appear and plead thereto within the time provided by law, it is ordered by the court that a default be, and the same is hereby, entered against the defendant."   Mr. Reed testifies that he is practicing law, and has been for the past twenty-two years, in the city of Des Moines; that in 1878 the defendant Stillwell placed in his hands a promissory note and an account against Martin Boone, a resident of Dallas county, to be put into judgment.   Mr. Reed's memory is evidently not entirely clear as to the transactions about which he testifies, and his statements are given with care and some qualifications.   For these reasons, question is made as to the weight that should be given to his testimony.   We think it

fairly establishes the following facts: That about the first of June, 1878, he prepared the petition and original notice in said case, and put the notice into the hands of G. G. Brewer, a constable of Polk county, to serve the same. That Brewer returned the notice with a return of service thereon, verified by Brewer before Mr. Reed as notary public. He says: "My recollection is that it showed personal service. I do not know whether it showed that he received a copy of the notice, or that it was waived." The papers were sent by mail to Baugh, Smith & Sweeley, at Adel,—the attorneys who appeared and took the default and judgment. Mr. Reed kept a copy of the petition and of the notice, which copies he produced on the trial. The notice is in due form, but there is no copy of any return thereon. It is contended that, because of the following facts, service of notice could not have been made upon Martin Boone during the summer of 1878 without its being known to some members of the family, and that it was not known to any of them that such notice had been served: It appears that Martin Boone resided in the family of his mother, at Booneville; the family consisting of the mother, Martin, the plaintiff, Mrs. Farnsley, and the hands whom Mrs. Boone had employed on the farm. Martin Boone was paralyzed in 1874, in consequence of which he was unable to care for himself during the summer of 1878, and could not be left alone. At that time his power of speech and his mental faculties were considerably impaired, and he was so helpless as to be confined to his room. Daughters of Mrs. Boone, residing elsewhere, frequently visited her home, remaining for a week or two at a time, assisting in taking care of Martin. Mrs. Farnsley and the other sisters of Martin, as well as the farm hands, disclaim any knowledge of any notice being served on Martin during the summer of 1878; and it is insisted that, because of the interest which Mrs. Boone had taken in settling up the affairs of her son after he was paralyzed, had she known of the service of such notice she would have looked after the case.

Mrs. Boone died before the commencement of this action, and the property being pursued under the judgment is Martin's interest in the real estate of which his mother died siezed.

II. Under a familiar and undisputed rule of law, we must presume from the recitals in the judgment in question that Martin Boone had been duly served with notice of the pendency of that action, and that the burden is on the plaintiff to overcome this presumption. *Jamison v. Weaver,* 84 Iowa, 612. This presumption is grounded upon the fact that courts are required to, and do, exercise care to know that they have jurisdiction, by the service of notice, to render defaults and judgments in such cases. It is insisted in argument that courts do not usually inspect the returns, but act upon the representations of counsel as to service. Such surely should not be, and we think it is not, the practice. We are not warranted in assuming that any reputable attorney would seek to take a default without service of notice, or that courts are so negligent in such matters as to entertain jurisdiction without inspecting the return of service of original notice upon which the jurisdiction depends. For these reasons this presumption carries with it much force, and it is not overcome by facts from which, merely, a contrary presumption may arise. The burden is on the plaintiff to show by direct and satisfactory evidence that this presumption is not well founded. The additional evidence relied upon to show that there was no service of notice is substantially as follows: The appearance docket fails to show the filing of an original notice, the fee book fails to show that any costs were taxed for serving an original notice, and diligent search of the files of the clerk's office fails to discover the presence of such a notice. The absence of a notice in the files may be accounted for by the fact that the files were not then, as now, inclosed in wrappers, but merely held together by rubber bands, and that between the rendition of the judgment and the search the clerk's office was removed

from one place to another. These facts render it possible that the notice was lost in the removal. The absence of entries in the appearance docket and fee book might well result from neglect on the part of the clerk. If it were because there was no original notice, it would seem probable that the clerk would have called the attention of the court to that fact. Again, we are unable to discern any reason why the attorneys would desire a default without notice, and a void judgment thereon. There was nothing to prevent them from having service on Martin Boone, or, if his condition was such that legal service could not be made upon him, the attorneys knew how to proceed so that a judgment obtained would be valid. We do not think the presumption that obtains in favor of the validity of the judgment is overcome by the inferences that may be drawn from the absence of a notice from the files, or of entries in the appearance docket and fee book. Counsel for appellant insist that it is impossible for any one to define or explain how this notice could have been served without the knowledge of some member of Mrs. Boone's family. From the facts proven, the inferences would be that some one having the care of Martin would know of the service of this notice; and it may also be inferred, from the interest which Mrs. Boone took in the affairs of her son after his affliction, that she would have looked after the case, had she known that it was pending. These inferences merely lead to the presumption that no notice was served, but they do not preclude the possibility of its having been duly served. We do not think these inferences overcome the presumption that the court acted carefully and judiciously, and with competent jurisdiction, in rendering this default and judgment. Appellants rely largely on *Jamison v. Weaver, supra.* While the cases are identical in most of the facts, they differ in this. In that case Jamison testified "with much positiveness that no notice in the case was served upon him, and that he had no knowledge of such a case, or of a judgment against him, until execution was issued in Octo-

ber, 1889"; thus presenting direct and positive testimony against the presumption arising from the recital in the judgment. The plaintiff produces no such testimony in this case, but simply facts from which presumptions may be drawn adverse to that which arises upon the face of the record. In the case of *Squires v. Jeffrey,* 101 Iowa, 677, there was positive evidence that no notice had been served. The fact that no effort was made to enforce this judgment until 1898 was because Martin Boone had no property subject to execution until the death of his mother. Our conclusion is that plaintiff has failed to show herself entitled to the relief demanded, and the judgment of the district court is therefore AFFIRMED.