MEREDITH, DICKEY & COMPANY, Appellants, v. PETERSON.

**Execution:** REDEMPTION BETWEEN LIEN HOLDERS. A junior lienor redeeming from an execution sale under the Code of 1873, sections 3109, 3114, 3115, must file the statement of the utmost amount he is willing to credit on his lien within the ten days given by the statute, or be held to have accepted the property in complete satisfaction of his debt.

SAME. It is of no avail that the junior lienor told the clerk at the time of the transaction that he was redeeming under the senior lien, since it did not authorize him to make any entry in the sales book.

Appeal: FROM JUDGMENT NOT YET OPERATIVE. An appeal taken within five days of the date of judgment, should not be dismissed as premature, because the judgment provides that it shall not go into effect until after five days from its date. Such stay only affects the enforcement of the judgment.

*Appeal from Cass District Court.*—HON. W. R. GREEN, Judge.

TUESDAY, MAY 23, 1899.

DEFENDANT had given three mortgages upon his real estate. The first was held by one Leet, the second by Coe, and the last by plaintiff. Plaintiff also held a chattel mortgage executed by defendant to secure the indebtedness due it. The Leet mortgage had been foreclosed, and the property sold under it. Plaintiff had become the owner of the Coe mortgage by assignment. On the last day of the nine-months period following the sale under the Leet mortgage, near midnight, plaintiff applied to the clerk of the court to make redemption from such sale, informing that officer that it wished to redeem under and by virtue of the Coe mortgage. Redemption was duly made. We think the evidence justifies us in saying that after this, and within a very few days, plaintiff informed defendant that the redemption was made under the Coe mortgage, and that he (defendant) could redeem by paying the amount of the Leet judgment and the Coe claim. Plaintiff filed no statement, within ten days after the expiration of the nine-months period, of the amount it was willing to credit on its claim. Thereafter plaintiff brought this action in equity to foreclose the chattel mortgage, and sued out a writ of specific attachment, which was levied on a cow and some corn. A motion was made to release the attached property, on the ground that plaintiff's claim was discharged by failure to file the statement of the

amount it was willing to credit on its claim.  Upon a hearing, the motion was sustained, and judgment rendered against plaintiff for costs.  It appeals.—*Affirmed.*

*De Lano & Meredith* for appellant.

*J. M. Graham* and *John Hudspeth* for appellee.

WATERMAN, J.—The judgment provided that it should not go into effect until five days after its date.  The notice of appeal was served before this five-day period expired. Appellee moves to dismiss the appeal on the ground that the judgment was not in force when such appeal was taken.  There is no merit in this claim.  The court had concluded the controversy, and entered its findings against plaintiff.  If the stay had any effect it only served to suspend enforcement of the judgment during the period mentioned, but upon its entry the judgment was effective in determining the rights of appellant.  It could have appealed from it, though no attempt at its enforcement had ever been made.  It was not as though the court had reserved some right, to be by it exercised later.  An appeal would lie, if the entry here was merely an order for judgment, if it was final and determinative of plaintiff's rights.  Code, section 4101.

II.  We are required to determine but a single issue, and that is as to the effect of the redemption made by plaintiff.  The trial court held that the result of the failure to file a statement of the amount it was willing to credit upon its claim was to wholly discharge such claim. Under our statutes, the holder of a junior lien may redeem from an execution sale after six months, and before the expiration of nine months, from the day of sale, by the payment of the full sum, with interest and costs due upon the senior lien.  But his lien, and the claim out of which it arose, will be held to be extinguished, unless within ten days after the expiration of the nine months he "enter on the

sale book the utmost amount he is willing to credit on his claim." Code 1873, sections 3109, 3114, 3115. In other words, the redemptioner will be held to take the property in satisfaction of his claim, if this statement is not filed. Appellant insists that, if the debtor has actual notice of the facts required to be entered on the sale book, the purpose of this statute is satisfied, and that the debtor in this case did have such notice. We might say there is no evidence here that the debtor was given notice of the amount plaintiff would take the property for. The most that can be claimed is that he was told of the two liens for which plaintiff claimed to hold the land. The statute requires the exact amount to be entered on the sale book, and it may well be questioned whether the notice to the debtor, if given personally, must not be equally specific. But we prefer to rest our conclusions upon another ground. The statute makes no provision for any other notice of the amount for which the creditor is willing to hold the land, than the entry in the sale book. There is no warrant for the substitution of any other, though it may seem better than that fixed. Further, where the creditor files no such statement, all right of redemption by other creditors ceases upon the expiration of nine months from the date of sale. If the entry is made as required, they may go on redeeming from each other, under the conditions provided in sections 3116, 3117, Code 1873, the debtor thus securing the advantage of having a larger part of his liabilities paid out of his property. Notice to the debtor is not all that is intended by the entry in the sale book. It is notice to other creditors, also. There is no claim in this case of actual notice of any kind to any other than the debtor. These views are sustained by *Tharp v. Forrest,* 76 Iowa, 195; *Lamb v. Feeley,* 71 Iowa, 742; *West v. Fitzgerald,* 72 Iowa, 306. We do not regard it as of any importance that plaintiff told the clerk at the time of the transaction that it was redeeming under the Coe mortgage. This meant nothing to the officer. It did not authorize him to

make any entry in the sale book. The important question was not in what right plaintiff was redeeming, but what amount it was willing to take the property for. As to this fact, he gave no intimation to the clerk. Appellant relies upon the case of *Craig v. Alcorn,* 46 Iowa, 560, in support of its contention. In that case the creditor, at the time of making the redemption, filed with the clerk the statement required, but the clerk neglected to enter it upon the sale book until after the lapse of ten days. It was held that the creditor's claim was not extinguished by this failure of the officer. It appears, too, that the debtor, through his attorneys, had notice of the statement on file before the expiration of ten days. The record, it will be seen, was in fact made, so far as the redemptioner was concerned; that is, he had done all that the law required of him. All that was lacking was the entry in the sale book by the clerk for the purpose of giving notice. This notice the defendant obtained through other sources. What is said in the opinion as to the effect generally of actual notice must be taken with relation to the facts in issue. The judgment of the trial court is AFFIRMED.