WHITFIELD *et al.* v. HOWARD.

The recital in a default judgment, "the summons in this action having been duly and personally served on the above named defendant," will be considered presumptively true, placing the burden of showing the contrary on one seeking to vacate and set aside the judgment, though no summons or return appears in the judgment roll.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

Action by Whitfield, Powers & Co. against Charles K. Howard. From an order denying a motion to vacate and set aside a judgment upon default for plaintiffs, defendant appeals Affirmed.

*A. B. Kittredge,* for appellant.

The records and evidence show no service of process upon appellant. The circuit court therefore was without jurisdiction the default judgment rendered by it void and it should be vacated and set aside. Harris v. Hardmann, 14 How. 337; § 5103 Comp. Laws; St. Cruix Lumber Co. v. Pennington, 2 Dak. 467; Weeks v. Go'd Min. Co, 73 Cal. 599; Reinhart v. Lergo, 86 Cal. 395; McKinlay v. Tuttle, 42 Cal. 570; Trimble v. Langworth, 13 O. St. 431; Thompson v. Whitman, 18 Wall. 457; Ferguson v. Crawford, 70 N. Y. 253; Danis v. Southard, 51 N. Y. Sup. 1136; Nuscomb v. Dewey, 27 Ia. 381; Clark v. Little, 41 Ia. 497; Huitt v. Skinner, 68 N. W. 788; Brittell v. Deffibach, 60 N. W. 167; Massillon Eng. & Thrash. Co v. Hubbard, 77 N. W. 588.

*George Rice,* for respondents.

Every court has the right in the first instance to determine its own jurisdiction, 12 Am. & Eng. Enc of Law, 307. The presumption is that public officers do their duty. This presumption extends to courts of general jurisdiction. Van Walters v. Boardete, 18 L. R. A. 431: Brown's Jurisdiction of Courts, 22; Cole v. Fair, 3 S. D. 272; Kent v. Ins. Co., 2 S. D. 325; Tolman v. Savage, 5 S. D. 496; Howard v. City v. Huron, 60 N. W. 803,

The presumption entertained in favor of the jurisdiction of courts of general jurisdiction makes it unnecessary that the

facts giving jurisdiction should appear on the record. 20 Am. & Eng. Enc. of Law, 495; Williams v. McGrade, 13 Minn. 46; Ogden v. Waters, 12 Kan. 282; O'Brien v. Gaslin, 30 N. W. 274; Nye v. Swan, 54 N, W. 9; Hersey v. Walsh, 38 N. W. 521; Herrick v. Butler, 14 N. W. 794. Lack of jurisdiction must be proved with the greatest strictness. If the summons was not served in the way defendant swears it was not, the presumption is it was served in some other legal way. Provident v. Ford, 5 Sup. Ct. Rep. 1104; Hoge v. Ogle, 70 N. W. 940; Stoddard v. Mattice. 72 N. W. 891. If the judgment was valid at the time it was entered it is still valid. The loss of the original papers would not invalidate it. 2 Black on Judg. 969; People v. Harrison, 24 Pac. 311; 2 Freeman on Judg. 407.

An officers return of personal service cannot be overcome by the uncorroborated evidence of the defendant. Macc v. Macc, 48 N. Y. Sup. 831: Waite v. Sherman, 61 Wis. 119; Stewart v. Lawrence, 65 N. W. 672; Vaule v. Miller, 72 N. W. 452; Jensen v. Creviere, 23 Minn. 541; Randall v. Collins, 58 Tex. 231; Starkweather v. Morgan, 15 Kas. 274; Allen v. McIntyre, 56 Minn. 351.

When the court granted the order allowing execution to issue it necessarily determined that plaintiff had a valid judgment and its determination is *res adjudicata.* Comparte v. Hanna, 34 Ind. 74; Kelly v. Donlin, 70 Ill. 378; Custer v. Detterer, 3 Wat. & S. 28; Frusht v. Overder, 19 Ind. 470, Lyllte v. Smyser. 10 Pa. 381; Zerns v. Watson, 11 Pa. 260; Lyon v. Cleveland, 30 L. R. A. 400; Black on Judgments, Sec. 691 *et seq.* Id. 493; Johnson v. Satte, 84 Md. 139; 21 Am. & Eng. Enc. of Law, 232; Adams v. Ash, 46 Hun. 105; Gould v. Root, 4 Hill 554; Star v. Francis 22 Wend. 633; Hunt v. Wallis, 6 Paige 37.

CORSON, J.   In December, 1884, judgment by default was entered in an action in Moody county entitled "Whitfield, Powers & Co. v. Charles K. Howard," in favor of plaintiffs and against defendant, for the sum of $1,310.39.   No execution was issued until May, 1898, when a motion was made by respondents to the circuit court for leave to issue execution thereon, which motion was granted.   In July, 1898, defendant herein made a motion to vacate and set aside this judgment on the ground that no summons in the action was ever served upon him.   This motion was denied, and from the order denying the same an appeal was taken to this court.

At the time this motion to vacate and set aside the judgment was made, the judgment roll on file in the office of the clerk of the circuit court of Moody county, and the official records of that county disclosed the following facts:   That no entry of this case had ever been made in the register of actions by the clerk of the territorial district court, the predecessor of the present circuit court.   That the judgment roll contained only the following papers to-wit:   A note purporting to be signed by one Charles K. Howard; an affidavit by a member of the plaintiffs' firm of the nonpayment of the same; and a copy of a judgment by default, in the usual printed form, signed by the Honorable C. S. PALMER, judge, and dated December 26, 1884, which judgment was duly entered on the judgment book. There was no summons, no proof of service of the same, no complaint, no attorney's affidavit of default, and no record of the issuance or existence of any process, except the recital in the judgment entered in the judgment book, which reads as follows:   "The summons in this action having been duly and personally served upon the above-named defendant, and no copy of an answer or demurrer to the complaint in this action

having been served upon or received by the plaintiff's attorney as required by the summons, and the amount due being computed by the court, this action being upon an instrument for the payment of money only: Now, on motion of Rice Bros., plaintiffs' attorneys, it is hereby adjudged," etc. On the motion to vacate and set aside the judgment the affidavits of Charles K. Howard and William S. Metcalf were read on behalf of the defendant. In the affidavit of Charles K. Howard, the defendant denies that any summons in the action was ever served upon him, and says "that the said summons was not served upon him on November 14, 1884, or at any time, or at any place, and that he never had notice, either direct or indirect, of said action or of said judgment until the service upon him at Sturgis, in Meade county, South Dakota, on the 19th day of May, 1898, of the notice of the motion for an order allowing execution to issue upon said alleged judgment, and that the service of said notice was the first knowledge this affiant had that there was such an alleged judgment against him, and that immediately upon the service of said notice this affiant hastened to Sioux Falls for the purpose of ascertaining and investigating the matter and of protecting his rights; that said alleged judgment was recovered and entered against this affiant without the summons and complaint in said action having been served upon him, either personally or otherwise, and without any notice whatsoever to him of any kind; and that said alledged judgment is null and void, and this affiant asks that the same be vacated and set aside by this court, and that the issuing of an execution thereon by the plaintiff or by the clerk of this court be in the meantime restrained and enjoined." W. S. Metcalf, who was the clerk of said court at the time said

motion was made, states, in substance, that he was the duly elected, qualified, and acting clerk of the circuit court in and for the county of Moody; that as such clerk he had the charge and custody of all the proceedings, files and records in and for said county; that the affiant has among such records what purports to be the judgment roll in the above entitled action; that the judgment roll consists of the following papers, and no others, to-wit: A note purporting to be signed by one Charles K. Howard; an affidavit of nonpayment of the same; and a judgment in said action signed by C. S. Palmer, judge, and dated December 26, 1884—copies of which were thereto annexed. The said Metcalf further states that he had made dilligent search in his office for a summons and complaint and affidavit of no answer or demurrer in said action, and which should constitute a part of said judgment roll, but has been unable to find the same, and that the file book or register of actions in his office shows no record of summons, complaint or process issued in said action, or service of any process therein. The plaintiffs on said hearing read a number of affidavits, which will be more particularly referred to in the course of this opinion.

Before proceeding to discuss this case upon the merits, there is a preliminary question to be disposed of. It is contended by the attorney for respondents that the questions presented by this record were in effect determined by an order of the circuit court granting plaintiffs' motion for leave to issue execution on the original judgment. Possibly there might be some force in this contention if the record in that proceeding had been introduced in evidence on the hearing of the motion to vacate and set aside the judgment. While the motion for leave to issue execution, and the order granting the same, are

fully set out by an additional abstract on the part of the respondents, it does not affirmatively appear from the proceedings had on the motion to set aside and vacate the judgment that the former motion and order were introduced or read in evidence. The certificate of the judge stating the documents offered and presented by the parties on the motion to vacate and set aside the judgment makes no reference to the motion and order on the former hearing. We conclude, therefore, that the motion for leave to issue execution, and the order made thereon, are not before this court for consideration on this appeal. We shall therefore proceed to consider the case upon its merits.

Appellant contends that the records and evidence in the case fail to prove service of process upon him, and that, the circuit court was therefore without jurisdiction, the judgment rendered by it was void, and that it should be vacated and set aside. Appellant further claims that, the judgment in controversy being a judgment by default, whatever may affect its competency or regularity, from the summons and proof of service thereof down to the judgment itself, inclusive, is part of the record, and is open to examination. It is further insisted on the part of the appellant that such a judgment differs essentially in this respect from one in which there is an appearance and contest. Appellant further contends that inasmuch as there is no summons no certificate or affidavit of service of a summons, no complaint, no affidavit of default, no proof of the service of a summons, and no entry of any kind in the register of actions by the clerk, as required by section 5344, Comp. Laws,—in fact, no proof of service, no judgment roll at all,— the judgment is absolutely void, notwithstanding the recital in

the judgment itself that the summons in the action was duly and personally served upon the defendant. The respondents contend in support of the ruling of the learned circuit court that the recitals in the judgment are at least *prima facie* evidence that the summons was duly and personally served upon the defendant, and that the absence from the judgment roll of the summons and proof of personal service cannot be held to render the judgment void, and that the recital in the juugment can only be contradicted by clear and convincing proof that the same is not true, and that the defendant was never in fact served with process. We are of the opinion that respondents' counsel is right in his contention. Every presumption is in favor of the regularity of a judgment of a court of general jurisdiction, and, unless the record affirmatively shows that the recitals in the judgment are not correct, such recitals will be considered presumptively as true, and the burden of showing that such recitals are not true is imposed upon the party seeking to vacate or set the judgment aside. Williams v. McGrade, 13 Minn. 46 (Gil. 39); Ogden v. Walters, 12 Kan. 282; Hahn v. Kelly, 34 Cal. 391; 20 Am. & Eng. Enc. Law, 495, and notes. The judgment being the final determination of the rights of the parties in an action, is, when properly entered in the judgment book, presumptively binding upon the parties, even though there be no judgment roll found among the records. In other words, the judgment is presumptively a valid judgment, notwithstanding the absence of the judgment roll. Lick v. Stockdale, 18 Cal. 219; Craig v. Alcorn, 46 Iowa, 560; Galpin v. Page, 1 Sawy. 309, Fed. Cas. No. 5,205; Bridges v. Thomas, 50 Ga. 378. In Lick v. Stockdale, *supra*, the supreme court of California uses the following language: "Several assignments

of error are made:   (1)  That the judgment roll does not show that the court ever acquired jurisdiction over the person of Stockdale, one of the defendants.    But the finding of the court is that the defendant was duly served with process, and this recital is sufficient to show that the court had jurisdiction.   The judgment does not depend upon the performance of the clerical duty of making up the judgment roll or the preserving of the papers.    It is enough if the facts exist which are required to give jurisdiction to the court; and the finding in this case is that they do exist, though the summons and return—the usual evidence—may have been lost or mislaid.    It is argued that this finding of the court is no proof of these facts of service on Stockdale, since no issue was joined between the plaintiff and Stockdale, and the judgment here was a judgment by default entered against Stockdale.   The entry seems to have been made while the court had full possession and jurisdiction of the case, and it had the power of ordering judgment against Stockdale as well as against the defendants who answered. The finding is matter of record, and is therefore record evidence of the facts recited.    *   *   *   We must regard this finding, therefore, as evidence of the fact it recites, and as sufficient to sustain the judgment."   This presumption arising from the recital of due proof of service is based upon the fact that courts are required to, and ordinarily do, exercise great care in the examination of the proof of service of the summons, and in ascertaining the fact that they have jurisdiction to enter a judgment.    Farnsley v. Stillwell, 107 Iowa, 631, 78 N. W. 678; Jamison v. Weaver, 84 Iowa, 612, 61 N. W. 65; Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060; Vaule v. Miller, 69 Minn. 440, 72 N. W. 452.    Assuming, without deciding, that the

denials on the part of the defendant in his affidavit were suffi-
cient in matter of form, we are of the opinion that the presump-
tion arising from the recitals in the judgment was not over-
come by defendant's affidavit; and, in addition to this presump-
tion arising from the recitals, the affidavits on the part of the
plaintiffs tend very strongly to corroborate the recitals in the
judgment. It appears from the affidavit of Fred L. Rice that
in the month of November, 1884, he was a practicing attorney
at Flandreau, territory of Dakota, and a member of the firm of
Rice Bros.; that said firm of Rice Bros. were attorneys for
plaintiffs in the above entitled action; that he personally knew
that there was proper proof of the service of the summons and
complaint in said action, from finding in the letter book of said
firm, under date of November 19, 1884, a copy of a letter, in
his own handwriting, to the sheriff of Minnehaha county, and
from entries in the ledger and day book of said firm, copies of
which were attached to his affidavit, and from the fact that he
would not have filed the judgment roll without proof of service
of the summons, after having paid the sheriff for having made
such service. It further appears from the said affidavit that a
draft was sent to the said sheriff by the said firm of Rice Bros.
on November 19, 1884, to pay for such service. It is true, Mr.
Rice was not able to state the precise manner in which personal
service was made,—whether by delivering copies personally to
the defendant, or by leaving them at his dwelling house; but
he states quite positively that the service was made in some
manner constituting, under the statute, personal service. The
failure to enter the case by the clerk of court in the register of
actions affords but slight evidence that there was no summons,
with proper return of service, filed with the clerk at the time

the judgment was entered. Mr. James Wilson, who was clerk of the district court of Moody county at the time the judgment in this action was entered, states in his affidavit that he had personal recollection of filing, recording, and docketing the judgment and papers in the above entitled action; that the summons, complaint, and affidavit of no answer were filed at the same time the order for judgment was filed; that, when no papers were filed in a case until the order for judgment was filed, he frequently did not enter the same on the register of actions, but at once entered the judgment on the judgment book and on the judgment docket; and that he remembers distinctly in regard to the papers in this case, for several reasons, which he details in his affidavit. It is quite apparent from the affidavit of Mr. Wilson, and also of James T. Bigelow, who was clerk of the court from June, 1887, to May, 1891, that the records of the court in that county at the time this judgment was entered were improperly cared for, and not kept in such a condition as the records of such an office should be kept. We are of the opinion that the evidence on the part of the plaintiff established the fact quite conclusively that at the time the judgment was entered there was on file in the office of the clerk the original summons, with the return of the sheriff indorsed thereon, showing personal service in some form upon the defendant. It having been shown that there was a summons issued in the action, placed in the hands of the proper officer, and his return of service made thereon and filed in the proper court before judgment was entered. and that such summons has since been lost or destroyed, it was competent to prove the contents of such summons and return by parol evidence. The evidence in this case upon that subject, taken in connection with the reci-

tals in the judgment, clearly establishes the fact that proper service was made in this case.   The defendant has therefore not only failed to establish the fact that the summons was not personally served by clear and conclusive evidence, but has failed to establish that fact by even a preponderance of the evidence.   In fact, the evidence largely preponderates in favor of the plaintiff's contention that the summons and complaint were properly served.   The learned circuit court was therefore clearly right in denying the defendant's motion to set aside the judgment.   The order denying the motion to set aside and vacate the judgment is affirmed. .