[No. 19415.    Department One.—July 25, 1895.]

# W. W. WHITNEY, RESPONDENT, *v.* HENRY DAGGETT ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—MOTION TO VACATE JUDGMENT—SERVICE OF SUMMONS BY PUBLICATION.—Where a defendant in a foreclosure suit, who was made a party defendant on the ground that he had or claimed some interest in or lien upon the mortgaged premises, subject and inferior to the lien of the mortgage, and against whom service of the summons was attempted by publication, moved to set aside and vacate the judgment so far as it affected his interest in the property, on the ground that the papers on file and the records in the action failed to show that he was served with summons, and the judgment-roll contained no evidence that a copy of the summons or complaint had been deposited in the postoffice as required by the order of publication of summons, but it was stated in the entry of the default and recited in the judgment that he had been duly and regularly summoned to answer, and where, at the hearing of the motion, the mover offered no evidence except the judgment-roll, and did not offer or ask leave to answer the complaint, or make any showing of interest in or lien upon the mortgaged property, and it appeared that the motion was made more than a year after entry of the judgment, the motion was properly denied.

ID.—JUDGMENT, WHEN AND WHEN NOT VOID—RECITAL—PRIMA FACIE EVIDENCE OF SERVICE.—A judgment is void upon its face only when it appears to be void by an inspection of the judgment-roll, and the mere absence from the roll of a paper showing service of the summons cannot invalidate the judgment when the judgment itself recites the fact that the defendant was duly served with process.

APPEAL from an order of the Superior Court of San Diego County refusing to set aside a judgment.    E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*William Humphrey,* for Appellants.

If the proof of service is not made as required by law the court acquires no jurisdiction to render a judgment, and the judgment is void. (*Reinhart* v. *Lugo,* 86 Cal. 400; 21 Am. St. Rep. 52; *People* v. *Greene,* 74 Cal. 400; 5 Am. St. Rep. 448; *Lyons* v. *Cunningham,* 66 Cal. 43; *Howard* v. *Galloway,* 60 Cal. 10; *People* v. *Mullan,* 65 Cal. 396; *Maynard* v. *McCrellish,* 57 Cal. 355; *Weeks* v. *Garibaldi etc. Gold Min. Co.,* 73 Cal. 600; *People* v. *Pearson,* 76 Cal. 400.)    A motion to set a judgment aside is

a direct attack upon the judgment.   (*People* v. *Mullan,*
*supra; Reinhart* v. *Lugo, supra; People* v. *Pearson, supra;*
*People* v. *Greene, supra; Norton* v. *Atchison etc. R. R. Co.,*
97 Cal. 396; 33 Am. St. Rep. 198.)   Upon a direct attack
the recitals in the judgment will not be accepted as proof
of service, and the jurisdiction is not to be established
by its mere assertion in the judgment.   (*Sichler* v. *Look,*
93 Cal. 606; *Weeks* v. *Garibaldi etc. Gold Min. Co., supra;*
*McKinlay* v. *Tuttle,* 42 Cal. 577.)   Upon a direct attack
the defendant has a right to present evidence outside of
the record to show that the court did not have jurisdic-
tion.   (*People* v. *Mullan, supra; Sichler* v. *Look, supra;*
*Norton* v. *Atchison etc. R. R. Co., supra;* Code Civ. Proc.,
sec. 1916.)   A motion to set aside a void judgment may
be made at any time after entry.   (*People* v. *Pearson,*
*supra; People* v. *Greene, supra; Reinhart* v. *Lugo, supra*).

*Parrish & Mossholder,* for Respondent.

Where the judgment-roll does not show affirmatively
that there was no service, and the judgment recites
that due and legal service was had, service of summons
will be presumed.   (*People* v. *Harrison,* 84 Cal. 607, 609;
*Jacks* v. *Baldez,* 97 Cal. 91, 92; *McCoy* v. *Van Ness,* 98
Cal. 675.)

VANCLIEF, C.—Action to foreclose a mortgage in
which C. J. Beauvais was made a party defendant on
the ground that he " has or claims to have some inter-
est in, or lien upon," the mortgaged premises, as pur-
chaser, mortgagee, judgment creditor, or otherwise, but
which, whatever it may be, is subject and inferior to the
lien of said mortgage.   Judgment by default was en-
tered against all the defendants on October 14, 1892.

On November 10, 1893, C. J. Beauvais, alone, "moved
the court for an order setting aside and vacating the
judgment and decree so far as the same refers to or con-
cerns and so far as the same affects his interest in the
property described in the judgment.   The ground of
the motion is, not that summons was not duly served

on Beauvais, but "that the papers on file and records in said action fail to show that he was ever served with summons in said action."

It appears that the court ordered summons to be served on Beauvais by publication; and the judgment-roll contains a proper affidavit for such publication, in which it is stated that the residence of Beauvais was then at Phœnix, in the territory of Arizona. The judgment-roll also contains an order for such publication, in which, besides all other requisites, it was ordered that a copy of the summons and complaint in the action be forthwith deposited in the United States post-office at San Diego, California, postpaid, directed to said defendant at his place of residence; and also contains sufficient proof, by affidavit of the printer, of publication of the summons according to the order of the court, but contains no evidence that a copy of the summons or complaint had been deposited in any post-office. Yet it is stated in the entry of his default and recited in the judgment that the defendant, Beauvais, had been duly and regularly summoned to answer unto plaintiff's complaint herein and had made default in that behalf, and that such default had been duly and regularly entered.

At the hearing of the motion the mover offered no evidence except the judgment-roll, and the plaintiff offered no evidence whatever. Nor did Beauvais offer or ask leave to answer the complaint, or pretend that he had any defense thereto. Nor did he show or claim that he ever had any interest in or lien upon the mortgaged property, nor that he was or would be at all affected by the judgment of foreclosure.

The court denied the motion, and from the order denying it the defendant, Beauvais, brings this appeal.

There is no ground for any pretense that the motion was made under or is warranted by section 473 of the Code of Civil Procedure, since it was not made within a year after the entry of the judgment, and no showing of any defense to the action, or injury to the mover,

was made; therefore the motion was properly denied unless the judgment appears, upon its face, to be void. (*Jacks* v. *Baldez*, 97 Cal. 91; *People* v. *Harrison*, 84 Cal. 608.)

"A judgment void upon its face is one that appears to be void by an inspection of the judgment-roll. The mere absence from the roll of a paper—for example, the return of the officer showing a service of the summons—cannot invalidate the judgment when the judgment itself recites the fact that the defendant was duly served with process." (*People* v. *Harrison*, *supra*. To the same effect is Freeman on Judgments, sec. 130.) In such case, however, the recital in the judgment is only *prima facie* evidence of service when, as in this case, the judgment is directly attacked, and is never conclusive except where the attack is collateral. (*McKinlay* v. *Tuttle*, 42 Cal. 571.) But in the case at bar there is no evidence either in or *dehors* the record having the slightest tendency to rebut the recitals in the judgment.

I think the order should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.