Smith *v.* McClure.

---

## Smith *v.* McClure.

[No. 17,814.   Filed October 20, 1896.]

Appeal and Error.—*Practice.*—*Action to Set Aside a Judgment on the Ground of Unsoundness of Mind of Defendant.*—In an action to set aside a judgment on the ground that defendant was of unsound mind at the time of the rendition thereof, it is necessary to show by a preponderance of the evidence that the judgment defendant was of unsound mind, as alleged; and where the evidence upon such question was conflicting in the trial court, under the well settled rule, this court will not weigh the evidence.

From the Harrison Circuit Court. *Affirmed.*

*Cook & Ridley*, for appellant.

*W. N. & R. J. Tracewell*, for appellee.

MONKS, C. J.—This action was brought by appellant to set aside and vacate a judgment and decree rendered in the court below in favor of appellee against one John T. Smith and appellant, his wife.

It is alleged in the complaint to set aside said judgment and decree, that at the time said action was commenced by appellee upon said note and mortgage, and until after the judgment and decree were rendered, that she was a person of unsound mind and incapable of managing her own estate or attending to any business whatever; that she was of sound mind when she commenced this action. A meritorious defense to the original action is also stated in said complaint. Appellee filed an answer of general denial. The cause was tried upon oral and documentary evidence, and the court found for appellee, and, over a motion for a new trial, rendered judgment against appellant.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. The causes assigned for a new trial were:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

As the sufficiency of the complaint is not challenged, we do not determine that question.

To entitle appellant to a finding in her favor, she was required to prove by a preponderance of the evidence that she was of unsound mind, as alleged. The evidence upon the question of unsoundness of mind was conflicting, and under the well settled rule this court will not weigh the evidence. *Lawrence* v. *Van Buskirk*, 140 Ind. 481, and cases cited; *Cabinet Makers' Union* v. *City of Indianapolis*, 145 Ind. 671, and cases cited.

The judgment is affirmed.