## Fugate, et al. v. Johnson, et al.

(Decided November 17, 1914.)

### Appeal from Knott Circuit Court.

1. Judgment—Vacation, for Failure to Serve Process—Burden of Proof.—A party may have a judgment vacated on the ground that he was not served with process, yet he who seeks to have this done assumes the burden of proving the facts essential to entitle him to the relief asked.

2. Judgment—Vacation for Failure to Serve Process—Proceedings Anterior to Judgment—Presumption.—Where a party seeks to vacate a judgment on the ground that he was not served with process, presumptions will be indulged, requiring evidence to

overcome them, of the regularity and validity of the proceedings in the case anterior to judgment, and of the correctness of recitals in the record.

3. Judgment—Vacation for Failure to Serve Process—Evidence.— Where, 18 years after the rendition of a judgment, a motion is made by one of the defendants to have it set aside because he, at the time of the institution of the action, was an infant under 14 years of age and was not properly served with process, and the order book and the judgment show that a guardian ad litem was appointed and defended for the infant defendant and the judgment recites that he was duly served with process by delivering a copy of the summons to his mother, with whom he resided, evidence held insufficient to overcome the presumption of regularity in the proceedings and of the truth of the recitals shown by the judgment, or to justify the conclusion that no process was served on the infant defendant.

O'REAR & WILLIAMS, BAILEY P. WOOTTON, JESSE MORGAN and JOHN M. BAKER for appellants.

SMITH & COMBS, JOHN D. SMITH, HAZELRIGG & HAZELRIGG and B. F. COMBS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

William Johnson died intestate on January 8, 1890, the owner of a tract of land in Knott County on the waters of Troublesome Creek. His widow, Nancy, and his son, Leslie, then an infant four months old, survived him. Decedent was also survived by his father, Leslie Johnson, Sr., his mother, Frances, and his sister, Kate Sarver.

During the year 1894, Leslie Johnson, Sr., and Frances Johnson, father and mother of William Johnson, brought suit in the Knott Circuit court against William Johnson's widow and child to enforce an alleged title bond claimed to have been executed by William Johnson to his mother, Frances. Specific performance was decreed, and a commissioner's deed was subsequently made conveying the title of the widow and child to Frances Johnson. Frances Johnson died during the year 1901. She devised the land to her husband for life, remainder to her daughter, Kate Sarver. Subsequently John Fugate and Ella Fugate purchased the land from Leslie Johnson, Sr., and Kate Sarver.

At the March, 1913, term of the Knott Circuit Court, Leslie Miah Johnson, son of William Johnson, entered a

motion in the above action to set aside the judgment on the ground that he was not served with process before the judgment was rendered. John and Ella Fugate were notified of the motion. It developing that all the papers in the original case were either lost or destroyed, a special commissioner was appointed to supply the papers, and to hear proof in regard to the service of process. The evidence as to the contents of the record being unsatisfactory, the commissioner was unable to supply the papers, and so reported. He also filed a report stating that no process had ever been served on Leslie Miah Johnson. This report was confirmed by the chancellor, and judgment entered vacating the original judgment. John Fugate and Ella Fugate appeal.

Some time after the death of her husband, William Johnson, his widow, Nancy, married Frank Ashley. Leslie Miah Johnson's father being dead, and he being under fourteen years of age, it was necessary that process be served on him by delivering copy thereof to his mother. Section 52, Civil Code. Nancy Ashley testifies that no process was ever served on her, and she and other witnesses say that she had moved away from Troublesome Creek to the home of her father two years before the suit was filed. She claims that she knew of the suit several years before she testified, and says that when she left her husband's farm she told Leslie Johnson to take care of his grandson. Notwithstanding the testimony of Nancy Ashley that no process was ever served on her, the order books of the court show that she and her husband, Frank Ashley, filed an answer to the original action on April 8, 1895. The order books also show that P. H. Greer, a practicing attorney, filed an answer as guardian *ad litem* for the infant defendant, Leslie Miah Johnson. On the same day judgment was rendered directing the master commissioner of the court to convey to plaintiffs the land described in the title bond. The judgment itself contains the following recitation:

"This cause having been submitted to the court for its opinion and judgment upon the pleadings, proof and exhibits herein filed, it appearing to the court that the infant defendant, Leslie Miah Johnson, was duly served with process herein previous to the former term of this court by delivering of a copy of a summons herein to his mother, with whom the said infant resided, it being

under fourteen years of age and having neither statutory guardian nor curator nor committee, and after said service and at a former term of this court, P. H. Greer, a regular practicing attorney at this bar, was duly appointed to defend for the said infant defendant and who having filed his answer herein and the court being advised upon the pleadings, proof and exhibits filed herein, finds that the writing and bond severally and was duly executed and delivered by the deceased, Wm. Johnson, before his death, and the purchase price for said land was all paid as stipulated and recited in said bond. It is by the court adjudged and decreed that the plaintiff, Francis Johnson, is entitled to specific performance of said bond and state said Wm. Johnson having died without performing same, it is adjudged and decreed by this court that John A. Draughon, Master Commissioner of this court, convey to plaintiff the land described in said bond, which is bounded and described as follows. (Here follows description.)''

While it is true that a party may have a judgment vacated on the ground that he was not served with process, it is also well settled that he who seeks to have this done assumes the burden of proving the fact essential to entitle him to the relief asked. Smith v. McClure, 146 Ind., 123; Johnson v. Nash-Wright Co., 121 Iowa, 173; Smith v. Black, 51 Md., 247. It is also the rule that in such a proceeding presumptions will be indulged, requiring evidence to overcome them, of the regularity and validity of proceedings in the case anterior to judgment, and of the correctness of recitals in the record. Whitney v. Daggett, 108 Cal., 232, 41 Pac., 471; Whitfield v. Howard, 12 S. Dak., 355, 81 N. W., 727; Barra v. People, 18 Colo. App., 16, 69 Pac., 1074.

Here we have a case where the papers were either lost or destroyed. A motion is made eighteen years after the rendition of the judgment to have it set aside. The order books show that a guardian *ad litem* was appointed, and answered for the infant defendant. The code provides that no appointment of a guardian *ad litem* shall be made until the defendant is summoned, or until a person is summoned for him as authorized by Section 52. In view of this provision of the Code, there is a presumption, not conclusive of course on a direct attack, but sufficient to make out a *prima. facie* case of the service of process. Not only so, but the judgment itself recites that the infant defendant was duly served

with process by delivering a copy of the summons to his mother, with whom the infant resided, he being under fourteen years of age, and having neither statutory guardian nor curator nor committee. The judgment further recites that P. H. Greer, a regular practicing attorney, was appointed to defend for the infant defendant, and that he filed his answer. While these recitals are not conclusive in a direct attack such as this, but may be overcome by competent evidence, the question is: Is the evidence adduced by Leslie Johnson sufficient for that purpose? His mother says that no process was ever served on her. She not only makes this statement in the face of the fact that she and her husband filed an answer in the case, but in the face of her failure to take any action to protect her own rights in the matter for a number of years after she acquired notice of the fact that the land had been sold to Fugate. Considering the long lapse of time, and the uncertainty of human recollection, in connection with the fact that she and her husband actually filed an answer in the case, we conclude that the evidence is not sufficient to overcome the presumption of regularity, and of the truth of the recitals shown by the judgment, or to justify the conclusion that no process was ever served on the infant by delivering a copy to her. That being true, it follows that the court erred in vacating the judgment.

Judgment reversed and cause remanded for proceedings consistent with this opinion.