VELCUT COMPANY, a corporation created by and existing under the laws of the State of Pennsylvania,

*vs.*

U. S. WRENCH MFG. CO., INC., a corporation created and existing under the laws of the State of Delaware.

*New Castle, Jan. 6, 1928.*

*James H. Hughes, Jr.*, of the firm of Ward & Gray, for the complainant.

*William S. Hilles*, for the defendant.

THE CHANCELLOR. The defendant admittedly owes something over five thousand dollars and the proof shows that it is

entirely without funds with which to pay its indebtedness. If it has any resources available for raising funds to meet its past-due obligations, no witness has pointed out where such resources are to be found. All the testimony indicates that the defendant neither has funds in hand nor an ability to raise them. It thus appears to be insolvent.

The appointment of a receiver for an insolvent corporation is discretionary under the statute. But the condition of this defendant's affairs is such that a discretion in favor of the appointment ought not to be withheld, because the company seems to have exhausted all the efforts and resources of its managers in an endeavor to keep it going.

The only serious question in the case is whether the complainant possesses the status necessary to entitle it to ask for a receiver. The statute gives the remedy to either a creditor or stockholder. The complainant claims to be both. The defendant, however, contests the complainant's status in either capacity.

Is the complainant a creditor? The term "creditor" as used in the statute is not confined to one having a judgment or lien. It embraces a simple contract creditor. *Mackenzie Oil Co. v. Omar Oil & Gas Co.*, 14 *Del. Ch.* 36, 120 *A.* 852; *Sill v. Kentucky Coal & Timber Development Co.*, 11 *Del. Ch.* 93, 97 *A.* 617; *Jones vs. Mutual Fidelity Co.*, (*C. C.*) 123 *F.* 506. Part of the claim of the complainant consists of a claim for unliquidated damages for breach of two contracts calling for the manufacture and delivery by the complainant for and on account of the defendant of two lots of patented wrenches, which the defendant was organized for the purpose of marketing. The first contract obligated the complainant to manufacture and deliver fifty thousand small wrenches at twenty-seven and one-half cents each, and the second contract, fifteen thousand kits of wrenches (three in each kit) for $14,250 and certain shares of stock of the defendant company. The defendant company breached both of these contracts by notifying the complainant not to proceed further with their completion, giving as its reason for such instructions its inability to make payment as required. The complainant had, according to the decided weight of the evidence, satisfactorily completed the manufacture of forty thousand of the small wrenches called for by the first contract and finished but not

assembled the remaining ten thousand: It is prepared to deliver the entire fifty thousand, but the defendant declines for want of funds to accept them. The complainant was paid something like eighteen hundred odd dollars on account of this contract and claims a balance of nearly twelve thousand dollars as damages for the defendant's default.

The second contract covering the kits is more complicated than the first. I shall not detail its provisions. The complainant was paid seventy-five hundred dollars on account of the contract for the kits in order to meet the cost of forgings, new machinery and tools, estimated at fifteen thousand dollars, which machinery and tools were to remain the property of the defendant. The complainant entered into obligations for forgings, new machinery and tools and actually expended something over seven hundred dollars for some of the forgings. After undergoing this expense and obligating itself further for forgings, new machinery and tools, the complainant was notified by the defendant that it could not proceed further because of lack of funds, and directed the complainant to discontinue its endeavors to perform. The damages claimed by the complainant by reason of the breach of the second contract consist of the sum estimated as loss of profits of thirty-seven hundred and fifty dollars (twenty-five cents per kit), the amount of the obligations incurred and the sum actually expended less a credit of seventy-five hundred dollars advanced.

It is not necessary for me at this stage to ascertain precisely the amount, if any, of damages the complainant is entitled to recover from the defendant by reason of its breaches of the contracts. All that is necessary is that it appear that the complainant is a creditor. *Jones v. Mutual Fidelity Co.*, *supra*. The amount may be definitely determined later. If, however, the defendant were in funds and able to pay whatever sum might be found due, the sole question in that case being how much is owed, it would not be proper to appoint a receiver without first liquidating the amount by a finding, for the simple reason that failure to pay a claim so long as such failure is due not to inability to pay but to a dispute as to its amount of validity, cannot constitute insolvency. But here there is no competent evidence which disproves the fact that the complainant is a creditor, and whatever the amount

might finally be found to be, the complainant is unable to pay it. It makes no claim that it could pay the complainant the damages occasioned by the contract breaches, whatever they might be.

The proof shows that the complainant has a valid claim for damages based on breach of contract. A creditor possessing a claim for damages for breach of contract is a creditor within the meaning of our statute. *Summit Silk Co. v. Kinston Spinning Co.,* 154 *N. C.* 421, 70 *S. E.* 820, *Ann. Cas.* 1912 *A.* 897.

It is not necessary to examine the question of whether the complainant possesses the status of stockholder and in that role is entitled to file the pending bill. It is admitted that it is a stockholder of record, but its right to be such is questioned. In view of the fact that the complainant has shown itself to be a creditor, the controversy over its status of stockholder may be passed by.

Decree in accordance with the foregoing.