## STOCKMEN'S NATIONAL BANK OF CASPER v. CALLOWAY SHOPS
(No. 1571; Feb. 18, 1930; 285 Pac. 146)

234

For the appellant, there was a brief by *Curran & Cobb* of Casper, Wyoming.

For the respondent, there was a brief by *Robert N. Ogden, Jr.,* of Casper, Wyoming.

RINER, Justice.

This cause is before the court upon direct appeal from an order of the District Court of Natrona County refusing to vacate both a judgment previously entered against appellant and receivership proceedings in the case antecedent to the judgment. The parties will be referred to hereinafter simply as plaintiff and defendant.

The action was, on August 24, 1927, instituted by the plaintiff, a national banking corporation, upon an alleged promissory note, past due and unpaid, executed and delivered by the defendant, a Wyoming corporation, to the plaintiff, in the sum of $475. The petition, after setting out the usual averments in stating a cause of action upon said note, in addition thereto contained allegations made for the purpose evidently of bringing the case within the provisions of Section 6184, Compiled Statutes of Wyoming 1920, which indicates when the District Court is authorized to appoint a receiver. The prayer of the pleading was, briefly, that a citation be issued calling upon the defendant to show cause why a receiver should not be appointed to take charge of its assets for the benefit of creditors, that plaintiff's claim be adjudged, and for such other relief as might be lawful. This prayer was followed by a positive verification of the pleading on the part of plaintiff's cashier.

The petition was, on the date last mentioned, presented to the court and an order, as prayed for, was issued, setting the hearing on the matter of an appointment of a

receiver for August 27, 1927. This citation, together with the summons and petition in the action, was, on August 24, 1927, served on the defendant by a deputy sheriff of Natrona county, by, as stated in his several returns, delivering true copies thereof "to The Calloway Shop—Mrs. Wyman." On the day thus fixed, a hearing was had by the court and by order one Mrs. George Wyman was appointed receiver of all of the defendant's property, the order reciting, among other things, that it appeared to the court from the sheriff's return that the defendant had been duly served with process, including service of the order to show cause, and that the court found from plaintiff's verified petition the evidence adduced by plaintiff and its witnesses on the hearing that a receiver should be appointed to administer, conserve and manage defendant's business.

The person thus appointed as receiver shortly thereafter qualified, and as such officer took over and for sometime thereafter managed defendant's affairs, it having been engaged in retailing ladies' ready to wear clothing, and its place of business being located in the balcony of a drug store in the city of Casper, Wyoming.

On the 9th day of September, 1927, the receiver filed a report advising the court that from August 15, 1927, to the date of her appointment as such officer, by the necessity of the situation, she, previously employed as a sales lady by defendant, was obliged to act as its manager and general agent; that the assets of the defendant in her charge consisted of very seasonable merchandise, to-wit: summer dresses designed and suitable only for the summer season of 1927, together with a small number of women's light weight and sport coats; that the stock had not been replenished since the 15th of August, 1927, and should be sold in order to prevent loss; that competitive bids for the property had been obtained and the highest bid was accordingly reported to the court for its acceptance. Several

of the largest creditors of defendant joined in a request that this bid be accepted, as did also Mrs. Wyman in her capacity as managing agent of the defendant, she at that time representing to the court that defendant's officers and managing agents had abandoned and deserted its assets and affairs, leaving her in sole charge thereof. An order of sale was forthwith made, accepting the reported bid and directing the execution by the receiver of the necessary instrument of transfer.

Thereafter and on November 23, 1927, the court entered its "judgment and decree" in the cause, wherein it was recited in part that the court, having examined the files in the case, found that "the defendant has been duly and regularly served with process herein," that plaintiff's petition stated a cause of action, and that the court had jurisdiction in the premises. The failure of the defendant to appear or plead to the plaintiff's petition was also noted, and the default of the defendant entered. The judgment then recited the taking of evidence and testimony in support of plaintiff's petition, upon which the court found that the matters set out in said petition were true. The decree further set out that the testimony established that the defendant was a Wyoming corporation; that it had obligations exceeding its assets; that it had been deserted and abandoned by its stockholders and directors; that the court found that the appointment of a receiver was proper, and that the receivership should continue until the defendant's obligations had been paid, so far as its assets should permit, and its affairs closed, and that any overplus remaining after payment of the expenses of the receivership and creditors' claims should go to defendant's stockholders, and this was ordered. The receiver was also directed to publish a notice to creditors in a Casper newspaper for four weeks, calling upon them to present their claims to the receiver. Finally plaintiff's

claim was adjudged and allowed, as against the receiver and the defendant.

The receiver's final report was filed January 7, 1928. Generally speaking, it furnished an accounting of expenses and disbursements, together with a recital of compliance with the order directing sale of the property, and publication of the notice to creditors, listed the creditors appearing and the claims presented, attached a copy of said notice with affidavit of publication, and prayed that authority be given the receiver to pay certain expenses and a first and final dividend to creditors of ninety-one and five-tenths per cent. An order was on the same day entered approving the report and directing the payment of expenses and dividend to be made as asked. On the 9th of January, 1928, another report was filed by the receiver, showing compliance with this order and requesting her discharge from further duty or obligation as such receiver, and an order was on that day entered so releasing her and the surety upon her official bond.

Subsequently and on February 17, 1928, the defendant filed its motion for an order vacating and annulling each and all of the orders and the judgment previously entered in the case, the principal grounds of the motion being that the court was without jurisdiction of the defendant, in that it was never served with summons, as provided by law, and that the appointment of a receiver was wrongful because no notice thereof was given defendant and no facts were set forth in plaintiff's petition under which such appointment might properly be made.

The following day plaintiff, by motion duly filed, sought an order directing the sheriff to amend the returns of service of process and citation to conform with the facts with reference to such service, and in support of this motion there was presented the affidavit of the deputy sheriff who made the original service in the action wherein he stated, concerning said service, that he made it—

"in manner following, to-wit: that the service was made upon a corporation, to-wit: Calloway Shops, and that said corporation was and is not a railroad company, insurance company, foreign corporation or sleeping car company; that the president, mayor, chairman or president of the board of directors or trustees or other chief officer of said corporation could not be found, for the reason no such officer was within Natrona County, Wyoming at said time, or at any time after receipt of said papers for service and prior to return day herein; that, therefore, affiant served said process by delivering to and leaving with, personally, the managing agent and the person having charge of the place of business of said Calloway Shops, to-wit: Mrs. George Wyman, to-wit: the person named in said returns, in the place of business of said Calloway Shops, in the Midwest Building, in the City of Casper, in Natrona County, Wyoming, a certified copy of summons herein, a copy of petition, and a certified copy of order herein, to-wit: that certain order upon which appears return of service thereof;

"That to the extent herein shown, affiant amplifies his returns upon the summons and order herein."

No order appears to have been made regarding this motion for leave to amend the returns of service. However, on February 21, 1928, a hearing was had on the defendant's motion to vacate, and an order was entered overruling it, the court finding that the motion contained both non-jurisdictional as well as jurisdictional grounds, and hence defendant had entered a general appearance, which waived all defects in the record, if any there were, and also that the defendant had failed to show that it had a meritorious defense to the action, which would in any wise alter its final result. No proceedings of any kind were ever instituted to secure a review of this order.

Afterwards and on March 2, 1928, and without specific leave of court, defendant filed another motion to vacate the judgment, identical in all respects with that already overruled by the court except that another alleged ground was set up, namely that the defendant had a complete

defense to the action in that the note held by plaintiff against defendant was without consideration and executed without proper authority from the defendant. Affidavits in support of and in resistance of this motion were filed by the parties. Meanwhile plaintiff had filed a motion to strike from the files this last motion to vacate, but the same was, by the court, denied on March 3, 1928. Finally, on October 6, 1928, the second motion to vacate was heard by the court and on December 14th following, an order was entered also overruling it. This order, after reciting the filing of the several affidavits for and against the motion and that the court "having heard the facts in evidence and the law," and being fully advised, again found, as above set out concerning the grounds of the first motion, reiterated in the second one, and further found—

"that the showing made by defendant, as controverted by the showing by plaintiff, fails to disclose defendant has any meritorious defense or that allowance of said 'Motion and Application for Vacation of Orders and Judgment' would in any way alter the final result of this action."

From this order defendant has prosecuted this appeal. The point mainly relied upon to secure a reversal of the order is that there was no proper service on the defendant of process in the action and that this is also true of the service of the order to show cause why a receiver should not be appointed. Our attention is directed to Section 5631, Compiled Statutes of Wyoming 1920, which provides in its first sentence:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees or other chief officer, or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the

office or usual place of business of such corporation with the person having charge thereof'';

We are cited to many authorities which hold in general that where, as here, the statute permits service on an inferior class of officers or agents only in case service cannot be had on a superior class, the inability to serve any of the higher class must appear from the return of process served on a member of the lower grade or the return is bad. These authorities establish, too, necessarily, that if a return fails to make such a showing, a judgment rendered upon process thus returned is void for want of jurisdiction of the court to render it—provided always nothing further concerning the service of such process appears in the record. With these rules thus announced there can very little fault be found.

However, the real source of jurisdiction, so far as service of process upon a party to litigation is concerned, is the *fact* of service of that process, and not the return of the officer reporting what he has done under it. That this is so, is, we think, well settled. Cases may undoubtedly be found where it is indicated that the officer's return should be regarded as jurisdictional. See Reinhart v. Lugo, 86 Cal. 395, 24 Pac. 1089. This decision is reported in 21 Am. St. Rep. 52, where the appended editorial note by Mr. Freeman sharply criticizes it on principle. The case was subsequently expressly overruled by the Supreme Court of California in Herman v. Santee, 103 Cal. 524, 37 Pac. 509. See also Spaulding v. Chapin, 37 Cal. App. 573, 174 Pac. 334. As illustrative of the many decisions announcing what we regard as the true rule on the subject, we refer to the following:

In Pitman v. Heumeier, 81 Neb. 338, 115 N. W. 1083, that part of the opinion dealing with the matter we are now considering reads:

"The object of the issuance and service of summons is to officially notify the defendant of the commencement of the action and of the time and place he is required to answer. The making and filing of a return would appear to be wholly immaterial to the defendant. By the proper service of summons upon the defendant he is fully apprised of the commencement of the action and of the time and place where he is required to answer. The law requiring the sheriff to make return is evidently for the purpose of furnishing proper evidence that the defendant has given the notice required by law. This evidence might be supplied by other means than the return upon the summons. The jurisdiction of the court does not depend upon any particular kind of evidence as to the service of summons, but is acquired by the service of summons."

Where a defective affidavit of publication of the summons was filed with the clerk and a default judgment was entered thereon, in reversing an order vacating the judgment and denying a motion for leave to file a proper and sufficient affidavit, the court, in Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 716, 19 Am. St. Rep. 245, said:

"The jurisdiction of the court was acquired by the fact of service, and not from the proof of it filed. Kipp v. Fullerton, 4 Minn. 366, 473; Commissioners of Mille Lacs Co. v. Morrison, 22 Minn. 178. So that as soon as the summons was duly published, the jurisdiction over the cause was complete, though no affidavit of publication had been made. And we may say here that, were this judgment set aside, the plaintiff could at once file proper proof of publication, and as the time for defendant to answer had expired, the same judgment might immediately be entered. The plaintiff was in the same position when the judgment was entered. He was entitled to the judgment. By reason of the mistake or inadvertence in the matter of the affidavit of publication filed, he failed to secure a judgment valid upon the record, but which would be valid if the fact as it was in respect to the publication had been made to appear in the record. The power of the court to amend the record in such a case cannot be doubted. Gen. Stats. 1878, c. 66, Secs. 124, 125.

It is a power given to be exercised in the furtherance of justice.''

The headnote of the case St. L., I. M. & S. Ry. Co. v. Yocum, 34 Ark. 493, clearly outlines the opinion of the court, and is to the following effect:

"Where a summons has been, *in fact*, duly served, the defendant must take notice of it, unless all defense be waived. He can not shelter himself under a defective *return*, from the consequences of his default, if the true facts be at any time brought properly upon the record which may be done by amendment, even after an appeal.''

The opinion in the case of Spaulding v. Chapin, above cited, referring to the case of Reinhart v. Lugo, supra, uses the following language:

"Contrary to the doctrine laid down in the Reinhart case, it is the fact of service which confers jurisdiction, and where the proof of such service is absent or defective it may be amended or supplied. So, as here, where the facts respecting the service of the notice as disclosed by the return on file were not sufficient to establish a valid service, still the judgment will be sustained, even when entered by default, by proof of the actual existence at the time of its entry of the requisite jurisdictional facts. This proof is permitted, not for the purpose of authorizing the court to enter a new judgment, but to show that the judgment previously entered was not without jurisdiction, and never was void. Freeman on Judgments, Sec. 89b.''

The United States Circuit Court of Appeals for the Ninth Circuit, in Van Arx v. Boone, 193 Fed. 612, 615, where the proof of service of process was not filed for more than a year after the date of the decree, disposed of the contention that the decree was void for want of jurisdiction in the following language:

"The contention that the decree of foreclosure is void for want of jurisdiction as to the defendant Smallwood for failure of proof that copies of the complaint and summons were mailed to him as ordered by the court cannot be sustained. The record shows that on April 28, 1910, the affidavit of the attorney for the plaintiff in that cause was filed, in which he made oath to the fact that on April 25, 1908, he deposited in the post office at Juneau copies of those papers addressed to Smallwood at the place in British Columbia where the affidavit for publication of summons stated his residence to be. This proof was furnished and filed a year and four months after the date of the decree, but nearly three months before the plaintiff herein obtained his deed from Smallwood. There can be no doubt of the court's authority to direct the filing of such proof of service after the decree and after the foreclosure sale made thereunder. When service has in fact been made, so as to give a court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction. This proposition is not only sustained by the courts of Oregon, from which state the statutes of Alaska governing the procedure here in question were adopted (Rickards v. Ladd, 6 Sawy 40, Fed. Cas. No. 11, 804; Weaver v. Southern Oregon Co., 30 Or. 348, 48 Pac. 171; Ranch v. Werley, (C. C. 152 Fed. 509), but it seems to be generally recognized by the courts of other states (Hibernia Savings & Loan Soc. v. Matthai, 116 Cal. 424, 48 Pac. 370; Cunningham v. Spokane Hydr. Min. Co., 20 Wash. 450, 55 Pac. 756, 72 Am. St. Rep. 113; National Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Frisk, et al. v. Reigelman, 75 Wis. 499, 508, 43 N. W. 1117, 44 N. W. 766, 17 Am. St. Rep. 198; Moore v. Horn & Bouldin, 5 Ala. 234; Fawcett v. Vary, et al., 59 N. Y. 597; Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 19 Am. St. Rep. 245; Seeley v. Taylor, 17 Colo. 70, 28 Pac. 461, 723)."

See also Jones v. Bibb Brick Co., 20 Ga. 321, 48 S. E. 25; Love v. National Liberty Ins. Co., 157 Ga. 259, 121 S. E. 648; Lucky Boy Mining and Milling Co. v. Moore, 23 Ariz. 291, 203 Pac. 556.

Supplementing the foregoing cited authorities and dealing with the matter of rectifying the omission of a return or a defective return of process, 1 Freeman on Judgments (5th Ed.) 370, Sec. 193, says this:

"If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid. Though the proof of the service of process does not consist of the return of an officer, the like rule prevails. Thus if a summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment as if filed before its entry."

It may be of assistance in the instant case also to regard the attitude of appellate courts, where the fact of proper service appears in the record elsewhere than in the usual place, i. e. the return. In El Paso & S. W. Ry. Co. v. Kelly, 99 Tex. 87, 83 S. W. 855, 859, a case cited by the defendant, the court remarks:

"The return of service on an agent of a corporation need not show all the facts set out in the statute which authorizes and provides for such service, but it is sufficient if they are shown from the record. Nelson v. Rehkopf, (Ky.) 75 S. W. 203; Carpenter v. Laswell, (Ky.) 63 S. W. 609."

Under a statute practically identical with our Section 5631, supra, in M. Rumely Co. v. Bledsoe, 56 Okla. 180, 155 Pac. 872, it was remarked:

"The statute providing for service of summons on a corporation is Section 4715, Revised Laws 1910, and is as follows:

" 'A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof.'

"This statute plainly and specifically designates the officers and agents of a corporation upon whom service of summons may be had, and necessarily limits the officers and agents upon whom service may be had to those specified. If the legislature had intended that service could be had upon any agent of a corporation, regardless of the character of his agency, then it certainly would not have specifically designated those enumerated in the above section. The return under consideration does not show that A. M. Thomas comes within the class of officers or agents designated by the statute, and therefore the service upon its face is void; but this return was amendable, and if Thomas had actually belonged to any one of the classes designated in Section 4715, the return, if it had been challenged in the court from which the summons was issued, could have been amended so as to make it speak the truth. Ozark Marble Co. v. Still, 24 Okl. 559, 103 Pac. 586. And if such was the case, we could, under this proceeding, consider the amendment as made, and would unhesitatingly deny the relief prayed for."

In Blandy v. Modern Box Mfg. Co., 40 Idaho 356, 232 Pac. 1095, the statute provided for service of process by delivering a copy thereof, as follows:

"If the suit is against a corporation formed under the laws of this state, to the president or other head of the corporation, secretary, cashier or managing agent thereof: Provided, that if such president, secretary, cashier or managing agent shall all have moved from or ceased to be

a resident of, or be absent from the state, or their names cannot be ascertained by the sheriff or other person seeking to procure service, then service may be made by delivering a copy of the summons and copy of the complaint to the auditor of the county in which the principal place of business of such corporation is located."

Service was made on the county auditor and the affidavit constituting the return thereof showed the absence from the state of the president of the defendant corporation, but nothing was said about the other officers mentioned in the statute. A default judgment was entered, based upon this service, wherein there was incorporated a finding of fact that none of the officers of the corporation upon whom service could be made were within the state at the commencement of the action, and also a finding that "said service was a good and valid service upon said defendant" and that by reason thereof the court "has acquired due jurisdiction therein to render judgment as prayed." In reversing orders made by the trial court sustaining motions to set aside the judgment on the ground that no service of process was made upon the defendant corporation, and to set aside the appointment of a receiver on the ground that the application therefor was not served upon the defendant, and that the court was without jurisdiction to appoint such receiver, the appellate court used the following language concerning the point in which we are here interested:

"While the better practice would be that the proof be submitted and an order made in such form that the return or proof of service be amended in the judgment roll, yet, in a case such as this, it can be and was ascertained that all of the facts existed which made the kind of service shown by the return valid service conferring jurisdiction. This is followed by a recital that the defendant had been duly served with process and a default entered. Seeley v. Taylor, 17 Colo. 70, 28 P. 461, 463.

"Service upon the county auditor conferred jurisdiction, 'if the president, secretary, cashier, or managing agent shall all have moved from or ceased to be a resident of or be absent from the state, or their names cannot be ascertained by the sheriff or other person seeking to procure service,' and, even disregarding the findings of fact, the judgment recites defendant having been duly served with process and its default having been duly entered according to law. The return of service does not affirmatively contradict or conflict with this recital. This judgment was not void on its face."

Recalling the sworn statement of the deputy sheriff in the case at bar, concerning the service of process and the order to show cause—quoted from above and which appears in the record before us—under the authorities cited it would seem plain that the requirements of Section 5631 were amply met by the actual fact of the service of process and the citation, and that the court had jurisdiction over the defendant in the action, and such is our conclusion. The fact that none of the chief or other officers of the defendant were within Natrona county at the time this litigation was begun and for months thereafter is established too from other portions of the record. Neither defendant's motions to vacate the judgment and all antecedent proceedings nor the affidavits advanced in support thereof dispute this fact. As said in Fugate v. Johnson, 161 Ky. 68, 170 S. W. 510, 511:

"While it is true that a party may have a judgment vacated on the ground that he was not served with process, it is also well settled that he who seeks to have this done assumes the burden of proving the fact essential to entitle him to the relief asked. Smith v. McClure, 146 Ind. 123, 44 N. E. 1004; Johnson v. Nash-Wright Co., 121 Iowa, 173, 96 N. W. 760; Smith v. Black, 51 Md. 247. It is also the rule that in such a proceeding presumptions will be indulged, requiring evidence to overcome them, of the regularity and validity of proceedings in the case anterior

to judgment; and of the correctness of recitals in the record. Whitney v. Daggett, 108 Cal. 232, 41 Pac. 471; Whitfield v. Howard, 12 S. D. 355, 81 N. W. 727; Barra v. People, 18 Colo. App. 16, 69 Pac. 1074.''

The case of Whitfield v. Howard, 12 S. D. 355, 81 S. W. 727, mentioned in the foregoing quotation, quite fully reviews the point on which it is cited.

It is urged that Mrs. Wyman was not the managing agent of the defendant. It is difficult, as we think, to read this record and not reach the conclusion that she was such an agent, within the definitions of that term furnished by competent authority.

In Carr v. The Commercial Bank of Racine, 19 Wisc. 290, where it appeared that process in an action against a bank engaged in closing up its affairs was served on a person in the habit of making its reports, employing attorneys to attend to its business and also the only individual exercising general supervision over its affairs, it was held that it was proper to hold the service upon him good, on the ground that he was the managing agent of the bank, although he expressly made an affidavit that he was not.

A decision of the Supreme Court of Ohio, rendered in 1867—The American Express Co. v. Johnson, 17 O. St. 641—is as follows:

"The plaintiff, who was defendant in the original action, is a foreign corporation, and the principal ground of error relied upon is the alleged insufficiency of the service of the original summons. At the time of service the company had a general 'superintendent' for the state, residing at Cleveland, and two or more 'local agents' in the county of Madison; one of whom resided at London, in said county, and kept an office there, where he received and forwarded packages for the company, and did all the business of the company usually transacted in such receiving and forwarding offices. Service was made upon the said agent at London alone; and the question is,

whether he was the 'managing agent' of the company, within the meaning of the 68th Section of the code? We think he was such managing agent, and that the service was sufficient.''

See also Fletcher's Cyclopedia of the Law of Private Corporations, Volume 4, Sec. 2994, pages 4425-26; 14a C. J. 807 and cases cited.

It is quite apparent, as we view this record, that defendant's chief officers left Wyoming after placing Mrs. George Wyman in complete charge of its affairs. So far as we can discern, they never concerned themselves with defendant's business matters during a period commencing several weeks prior to the institution of this action and extending until the filing of the motion to vacate the judgment—a matter of nearly six months. This was done, too, when they knew the financial straits in which the defendant stood when they went away. Mrs. Wyman appears to have managed the business and to have endeavored to meet, so far as she possibly could, the unusual requirements of a situation which the defendant's chief officers themselves produced. She says in her affidavit that she appealed to them for aid, by letter and by telephone, but they did nothing. The record bears out this statement.

But if it should be thought that Mrs. Wyman was not its managing agent, undoubtedly she was the person in charge of the usual place of business of the defendant—and the record shows that copies of the petition, the summons and the show-cause order were duly left with her at that place by the deputy sheriff, as required by Section 5631, supra, and that no other superior officers of the defendant were within the county at that time.

It is pointed out that the check for Mrs. Wyman's monthly salary given her by one of defendant's chief officers was returned from the bank with the statement ''no funds'' and she thus became one of defendant's

creditors. Section 6185, Compiled Statutes of Wyoming 1920, which provides:

"No party attorney or person interested in an action shall be appointed receiver therein except by consent of the parties, nor shall any party attorney or person interested in an action be a representative of the receiver therein except by consent of the parties."

is invoked to establish that the court's appointment of her was wrongful. But plaintiff expressly agreed to her appointment; the defendant was given an opportunity to object if it saw fit, but did not do so. Mrs. Wyman qualified as receiver, she has managed the property entrusted to her and has made final settlement to the court. Such an objection should, we think, be seasonably made. Under responsible authority, defendant cannot now complain. In Rogers v. Rogers, 42 S. W. (Tenn.) 70, the court, discussing party's objection to the appointment of a receiver, made after the latter had closed up the affairs of the receivership, and made final settlement to the court, used the following language:

"He also complains because the court appointed John P. Rogers receiver. His objection seems to be that he was a solicitor in the case, and interested in the real estate as an heir. The record discloses that he was appointed at the October term, 1893, of the court, if we have not got wrong as to dates in this multitudinous record, without objection. He acted and made his final settlement, and no question was made as to the legality of his appointment. It is believed that the objection comes too late, and especially as no specific wrong by him is pointed out."

See also James V. Roberts Tel. and Electric Co., (Tex. Civ. App.) 206 S. W. 933; Hinnant v. Boyette, 196 N. Car. 44, 144 S. E. 517.

But if we should be mistaken in this view of the matter, it may also be observed further that the record shows that at the time Mrs. Wyman qualified as receiver, under the order appointing her, she was not a creditor of the defendant. In her capacity of managing agent for the defendant, she had previously been able to retire the "no funds" check given her for her salary by one of the officers of the defendant the same who had left its affairs in her charge. No contention is made that she had no authority to do this, and under the situation disclosed it could not well be urged.

It is insisted that no facts were alleged or shown which would justify the court in appointing a receiver. Section 6184, W. C. S. 1920, provides, among other things, as follows:

"A receiver may be appointed by the District Court or by a judge thereof in the following cases: 1. In an action * * * by a creditor to subject any property or fund to his claim, * *. * on the application of the plaintiff, or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured. * * *

"5. In the cases provided in the code of civil procedure, and by special statute, when a corporation has been dissolved or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights."

Plaintiff's petition, after setting forth its claim as a creditor, alleges in substance, additionally, that the officers of the defendant who were engaged in managing its business had "deserted and abandoned the said business and corporation, leaving no forwarding address and having announced prior to such leaving that they and neither of them would return to Casper, Wyoming"; that plaintiff—

"has in all probability rights to and interests in the property of said corporation or the proceeds thereof; that said property belonging to said corporation is not under the control of any officer or stockholder thereof, and is in danger of being lost, removed, or materially injured in the following particulars to-wit: that the said Mrs. George Wymän, agent in charge thereof, is without adequate or any funds with which to meet the obligations of the business and is without sufficient authority to continue said business; that the merchandise belonging to said business is seasonable, to-wit: women's summer wearing apparel and women's party and evening gowns; that unless said merchandise be retained and disposed of as the same are now offered for sale to the public that the same will have little or no value; that it is not probable that any sale in block can be had of the assets of said corporation for any sufficient amount to justify such sale being attempted."

It was further alleged that unless Mrs. Wyman was appointed as receiver and permitted to endeavor to meet the claims of creditors, the latter would suffer great loss. These allegations showing the abandonment of the corporate affairs by the officers provided by law to take care of them, want of funds to conduct the business, and the property of the defendant very likely to seriously depreciate in value unless disposed of promptly with resulting heavy loss—a situation imminently threatening insolvency —are, we think, sufficient to bring the case within the provisions of the statute and to justify the court's action in appointing a receiver. Especially do we think this is so when taken in conjunction with the finding of the court, as already indicated, from evidence and testimony presented by plaintiff, as recited in the order appointing the receiver that such officer should be appointed, and the further finding of the court, upon evidence, in the judgment that the allegations in the plaintiff's petition were true, that the defendant "has obligations exceeding its assets" and that "it has been deserted and abandoned by its stockholders and directors." See National Salt Co.

v. The United Salt Co., 8 Ohio N. P. 325; Chicago & S. E. Ry. Co. v. Kenny, 159 Ind. 72, 62 N. E. 26; Abilene Independent Tel. & Tel. Co. v. Southwestern etc. Tel. Co., (Tex. Civ. App.) 185 S. W. 356; Lacey v. Dayton Rubber Mfg. Co., (Tex. Civ. App.) 270 S. W. 916; Mackenzie Oil Co. v. Omar Oil and Gas Co., 14 Del. Ch. 36, 120 Atl. 852; Velcut Co. v. U. S. Wrench Mfg. Co., (Del. Ch.) 140 Atl. 801; 14a C. J., Secs. 3176-3177, p. 958; Nunnally v. Strauss, 94 Va. 255, 26 S. E. 580; Finney v. Bennett, 27 Gratt. (68 Va.) 365.

Having considered all of the points here urged in support of defendant's claim that the order of the District Court under review was erroneously made, our conclusion is that they are without merit. This is said without discussing the effect of the failure on the part of defendant to appeal from the order denying defendant's first motion to vacate the judgment and which apparently disposed of all matters discussed in the briefs upon this appeal, as the point is suggested by neither of the parties.

The order of the District Court of Natrona County will consequently be affirmed.

*Affirmed.*

Blume, C. J., and Kimball, J., concur.